OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

JUNE TERM, 1856, AT OTTAWA.

NICHOLAS P. IGLEHART, Plaintiff in Error, *v.* ABIJAH W. PITCHER, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The statute of 1853, regulating practice in certain courts in Cook County, does not intend to make the service of a copy of declaration and rule to plead a part of the record; these should be incorporated into a bill of exceptions if objection to them is to be taken. The absence of them from the record will not be taken as evidence that they were not served.

THE judgment in this case was rendered by J. M. WILSON, Judge, at *vacation* term of the Cook County Court of Common Pleas, in January, 1855. The judgment recites that, it appearing to the court that due personal service of summons had been had upon Iglehart, at least ten days previous to the first day of the term, but not appearing, judgment was entered, &c. Errors assigned are, that court had not jurisdiction to render judgment, because it does not *appear by the record* that Iglehart was served with a copy of the declaration ten days prior to the said vacation term, and because said judgment was rendered at a vacation term and no copy of the declaration or rule to plead was served ten days before the term.

ARNOLD, LARNED and LAY, for Plaintiff in Error.

SCAMMON and McCAGG, and SHUMWAY and WAITE, for Defendant in Error.

Iglehart *v.* Pitcher.

Scates, C. J.  A default being entered in the court below, for want of a plea, the only question we deem it necessary to notice is, whether it be necessary to show service of a copy of the declaration and rule to plead, to sustain the default.

We are of opinion that the statute of 1853, regulating the practice in these courts, does not require nor intend to make the service of these copies a part of the record, any more than the copies of the instruments or accounts sued on.  They must be incorporated into the record by bill of exceptions.  Their mere absence from the record cannot, therefore, be taken as evidence that they were not served, and can raise no presumption against the correctness and validity of the judgment.

Every reasonable intendment will be made in support of the judgments of courts of general jurisdiction.

We not only presume in their support due notices and rules, to support the default—for it is the act and order of the court, and not of the plaintiff—but we will also presume that the plaintiff produced, and the court heard, sufficient evidence to sustain the finding and judgment thereon.

The assignment of error in this case seems to proceed upon the assumption that a default is erroneous, not only if taken without giving copies, but unless the fact of service of them affirmatively appear in the record.

But we do not think this view supported by the provisions of the act.  Proof of the rule to plead, and the service of copies, need not appear, any more than rules to plead under the old practice, with the copy of the instrument; and I am not aware that this was ever considered necessary to be shown by any practice on the circuits, or decision of this court.  It might be otherwise, and placed upon a different and stronger reason, were the plaintiff entitled, as at common law, to enter up his own order for default, at the clerk's office in vacation, without the intervention of the court.

Judgment will be affirmed.

*Judgment affirmed.*