Oscar Stratton, impleaded with Anson S. Potter *et al.*, Plaintiff in Error, *v.* Charles N. Henderson, and Charles M. Henderson, Defendants in Error.

ERROR TO SUPERIOR COURT OF CHICAGO.

If a copy of the instrument declared on in a declaration, is not filed ten days before court, the party may obtain a continuance, but nothing more.

That the copy of an instrument furnished, varies from that offered on the trial, is not material; the copy is no part of the record. The Circuit Court has discretion to authorize a copy to be corrected.

Where the condition of a bond is, that the obligor shall deliver certain obligations, as collateral security, it does not authorize him or his sureties to prove that he was amply able to pay the debt *aliunde*, in avoidance of an action on the bond.

There is no legal objection to having the attorney of the plaintiff sworn as to a calculation of interest on indebtedness, to aid in assessing damages.

THIS was an action of debt on a penal bond, for $2,000, commenced by the defendants in error against the plaintiff in error, in the Cook County Court of Common Pleas, (now the Superior Court of Chicago). The writ of summons claimed $500 for damages.

The defendants moved to strike the plaintiffs' declaration from the files of the court, on the ground of a variance between the amount of damages therein stated, and the amount claimed in the summons. Leave was given to the plaintiffs to amend their writ, and the amount of damages claimed in the writ was thereupon altered to "two thousand dollars."

The defendants filed their plea of the general issue, and gave notice that the "defendants paid to the said plaintiffs, before and since the commencement of this suit, the sum of $2,000, in discharge of the said sum in the said supposed writing obligatory mentioned; and that the said plaintiff received the same from said defendants in discharge of the said supposed writing obligatory."

Whereupon issue was joined, and the cause was tried before HIGGINS, Judge, and a jury, and a verdict was returned for the plaintiffs, for $2,000 debt, and $910.61 damages. Judgment was rendered on this verdict.

A motion for a new trial was overruled, and judgment rendered for the plaintiffs on the verdict.

At the trial, the plaintiffs produced and offered to give and read in evidence to the jury a certain bond, which is in the words and figures following, to wit:

"Know all Men by these Presents, That we, Anson S. Potter, J. G. Lumbard, L. B. Seymour, *O. Stratton*, are held and firmly bound unto Charles N. Henderson and Charles M. Henderson, in the sum of two thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs and executors, firmly by these presents. Signed, sealed and dated at Chicago, this tenth day of June, A. D. 1858.

"The condition of the above obligation is such, that whereas, the said Anson S. Potter is indebted to the said Charles N. Henderson and Charles M. Henderson, upon a certain judgment in the Circuit Court of Cook county, State of Illinois, for the sum of fourteen hundred and *sixty*-two dollars and three cents, and costs, rendered in said court on the fourth day of May, A. D. 1858. And whereas, the said Potter has agreed to place in the hands of the said Hendersons, notes on good and responsible parties, of the value and amount of eighteen hundred dol-

lars, to be held by the said Hendersons as a collateral security to secure the said debt now in judgment, with the costs thereon, and interest at ten per cent. per annum until paid, with a further sum of not exceeding twelve dollars, to defray the expenses of sending to *Maquon* for the said notes, with this further agreement, that the said notes shall be placed in the hands of some responsible party for collection, by suit or otherwise, and the proceeds of such collection applied in payment of said claim or demand of said Hendersons; that the said Potter shall pay one-half ($\frac{1}{2}$) of the amount of said demand within three months from the twentieth (20th) day of June, A. D. 1858, and the remainder thereof within four (4) months from said 20th day of June. And the said Potter does further hereby agree, that if he shall fail to pay the said demand in the manner and at the times aforesaid, promptly and punctually, then and in that case the whole of the said notes so to be surrendered and deposited as aforesaid, shall at once and absolutely become the property of the said Hendersons, upon this condition, that they elect to take the same in full payment of the whole of said judgment, and if they shall then decline to take the same in satisfaction of said judgment, then the same shall be held merely as a collateral security to the said demand, to be returned to the said Potter when the whole of the same is paid in full, it being understood that said Potter shall surrender such notes as will be approved by A. M. Maple, on the part of said Hendersons.

" Now, therefore, the condition of this obligation is such, that if the said Potter shall, on or before the twenty-fifth day of June, A. D. 1858, deliver to the said Hendersons, or to their agents, the notes of the kind and to the amount aforesaid, then this obligation shall be null and void, otherwise to remain in full force and virtue.

| | |
|---|---|
| A. S. POTTER. | [SEAL.] |
| J. G. LUMBARD. | [SEAL.] |
| L. B. SEYMOUR. | [SEAL.] |
| O. STRATTON. | [SEAL.] |

But to the introduction and reading of said bond in evidence the defendant objected, and insisted that it was not competent for the plaintiffs to read said bond to the jury, because it varies from the copy of the instrument of writing on which this action is brought, which is annexed to the plaintiffs' declaration, and filed with it; and is not the foundation of the plaintiffs' action, or the instrument declared on.

That the bond so offered in evidence by the plaintiffs, varies from the copy of the instrument of writing on which the action is brought, in this: 1st, The copy in the body of the bond recites that it is made by Anson S. Potter, J. G. Lumbard, L. B. Seymour and *O. B. Stratton,* whereas the instrument offered in

evidence recites that it is made by Anson S. Potter, J. G. Lumbard, L. B. Seymour and *O. Stratton.* 2nd, The copy also recites in the condition, as part of the inducement for the obligation, as follows : " Whereas, the said Anson S. Potter is indebted to the said Charles N. Henderson and Charles M. Henderson, upon a certain judgment in the Circuit Court of Cook county, State of Illinois, for the sum of fourteen hundred and *eighty*-two dollars and three cents, and costs," whereas the instrument offered in evidence recites, in setting out the inducement, as follows : " Whereas, the said Anson S. Potter is indebted to the said Charles N. Henderson and Charles M. Henderson, upon a certain judgment in the Circuit Court of Cook county, State of Illinois, for the sum of fourteen hundred and *sixty*-two dollars and three cents, and costs." 3rd, That the word *Morgan* is used in said copy where the word *Maquon* is used in the instrument offered in evidence; and that there are other variances apparent from the inspection of the instrument and copy.

Whereupon the plaintiffs prayed leave to amend the said copy so as to correspond with the bond offered in evidence, and the court allowed the plaintiffs to so amend said copy, which they then and there did; to which the defendants excepted.

The plaintiffs then offered to give and read said bond in evidence, to which the defendants objected, on the ground that the instrument offered was not the foundation of the plaintiffs' cause of action, as appeared by the copy of the instrument on which said action is brought, filed with the declaration, and because it varied from said copy, and because no copy of said instrument was filed with the declaration, as required by law, and because the court erred in permitting the plaintiffs to amend said copy, which objections the court overruled.

The plaintiffs then read in evidence an execution issued to the sheriff of Knox county, on the judgment referred to in the bond, which execution is in the ordinary form of *fi. fa.* execution ; and on the back thereof is indorsed, in the handwriting of the clerk of said court, a direction to the sheriff to collect interest on the amount of said execution, (to wit, $1,462.03,) from the 4th of May, 1858. And afterwards is indorsed thereon the return of the sheriff, as follows, to wit:

" I hereby certify that on the 27th day of May, A. D. 1858, I made a demand of defendant for property to satisfy the within execution, and he stated that he had no property he could turn out on the same, but would pay what he could on the same, and thought he could pay four or five hundred dollars in the lifetime of same.

G. W. EICKE, *Sheriff.*"

The plaintiffs here rested their case, whereupon the defendants offered as a witness on their behalf, one

*A. H. Potter*, who testified that in September, 1858, the defendant, Anson S. Potter, paid to the plaintiffs $700 to apply on the judgment rendered in the Circuit Court of Cook county, Illinois, on the 4th of May, 1858, against said defendant, Potter, and in favor of said plaintiffs, and mentioned in said bond. The defendants then asked the witness, "if he was acquainted with the pecuniary circumstances and responsibility of the defendant in execution, Anson S. Potter, on the 25th of June, 1858, and from that time to the present," but the plaintiffs' counsel objected to the question, and insisted that the question was irrelevant and immaterial; whereupon the defendants' counsel insisted that the question was material and proper for the purpose of laying the foundation for showing that said Potter had, ever since the 25th of June, 1858, been possessed and the owner of sufficient property liable to execution to satisfy said judgment so recovered by the plaintiffs against him in the Circuit Court, and the court decided that the question was irrelevant, and refused to allow it to be put; to which the defendants excepted.

The defendants' counsel then offered to give in evidence, and prove that the defendant, Anson S. Potter, has been, ever since the 10th of June, 1858, the owner of a large amount of unencumbered real and personal property subject to execution, and within the jurisdiction of said Circuit Court, more than sufficient to make the amount of said judgment, and that said judgment has, ever since the 10th of June, 1858, been, and is now, a lien on unencumbered real and personal property of the defendant, Anson S. Potter, being in the county of Cook and State of Illinois, which property is all liable to be taken and subject to execution issued on said judgment, and is in value more than sufficient to make the amount of, and satisfy said judgment, by due course of law. But the plaintiffs' counsel objected to the introduction of said testimony, whereupon the defendants' counsel insisted that said testimony was competent and proper for the purpose of being considered by the jury in determining the amount of damages the plaintiffs had sustained by reason of the alleged breach in the condition of the bond, as charged in the declaration, in not delivering the notes as collateral security for said judgment as obligated in said bond, and for the purpose of showing that the plaintiffs suffered no loss on said judgment by reason of their so extending the time of the payment of the same for the time mentioned in said obligation, or by reason of the failure of the defendant, Anson S. Potter, to deliver said collaterals, as the defendants by said bond obligated he should do.

But the court decided that the measure of damages in this cause, is the amount of the judgment recovered by the plaintiffs against the defendant, Anson S. Potter, in said Circuit Court,

and interest thereon at 10 per cent. per annum, less the amount that may have been paid on said judgment; and that the plaintiffs in this action are entitled to recover whatever amount may now be due upon said judgment, with interest at ten per cent. from the time of the rendition of the same, notwithstanding that said judgment may have been collectable by the issuance of an execution thereon, at any time since the execution of said bond, and notwithstanding that the plaintiffs may have suffered no loss or damage on said judgment, or in the collection of the same, by reason of the failure of the defendant, Potter, to deliver said collaterals, and that the said testimony offered by the defendants was incompetent and immaterial; and sustained the objection, and excluded the same from the consideration of the jury.

*H. T. Helm,* counsel for plaintiffs, being sworn, then offered to testify on behalf of the plaintiffs, that he had computed the interest on said judgment at ten per cent., and offered to state the amount to the jury, to which the defendants' counsel objected, which objection was overruled by the court; to which the defendants excepted.

Mr. Helm then testified that he had cast the interest on said judgment from the time of the rendition of the same, at the rate of ten per cent. per annum, and that the amount then due upon said judgment for principal and interest, after deducting payments, was $910.61.

The defendants' counsel then moved to exclude Helm's testimony from the consideration of the jury, which motion the court overruled; to which the defendants excepted.

The defendants' counsel moved for a new trial, and in arrest of judgment, and assigned the following causes therefor:

1st.  Because the court erred in permitting the giving in evidence to the jury, on the part of the plaintiffs, of the bond offered by them, because no copy of the same had been filed with said plaintiffs' declaration, and because it was not the foundation of said plaintiffs' action, or the instrument declared on, as appears by the copy annexed to said plaintiffs' declaration, and because it varied substantially from said copy.

2nd.  Because the court erred in allowing said plaintiffs to amend their said copy of the instrument sued on, on the trial of the cause.

3rd.  Because the court erred in sustaining the objection of said plaintiffs to the question of the defendants' counsel, put to the witness, Potter, respecting his knowledge of the responsibility of said defendant, Potter.

4th.  Because the court erred in rejecting the testimony offered by said defendants, for the purpose of showing that the defendant, Potter, has, ever since the execution of said bond,

6

possessed sufficient property subject to the lien of the judgment of said plaintiffs, mentioned in said bond, to pay and discharge the same.

5th. Because the court erred in deciding that the amount of the judgment recovered by the plaintiffs, against the said defendant, Potter, in the Circuit Court of Cook county, Illinois, which is referred to in said bond, with interest thereon at ten per cent., less the amount paid thereon, is the measure of damages in this case.

6th. Because the court erred in deciding that it was immaterial, in fixing the damages of said plaintiffs, whether said judgment could have been collected by due course of law or not, or whether said plaintiffs suffered any loss on said judgment by reason of the non-delivery by the defendant, Potter, of the collateral security for the same, as stipulated in said bond, and erred in rejecting the testimony offered by the said defendants for the purpose of showing these facts.

7th. Because the court erred in allowing the interest on said judgment to be computed at ten per cent.

8th. Because said verdict of the jury is contrary to the evidence.

9th. Because said verdict is contrary to law.

10th. Because said verdict is contrary to law and the evidence.

J. T. HOYT, E. W. EVANS, and C. C. BONNEY, for Plaintiff in Error.

HELM & CLARK, for Defendants in Error.

BREESE, J. We do not consider any of the errors assigned, or points made by the plaintiffs in error, as substantial. The action was debt upon a bond for two thousand dollars, with a condition. The first count, is on the penal part of the bond only. The second and third counts on the bond setting out the condition with the proper breach, and damages claimed to two thousand dollars. The defendants pleaded *nil debet*, with notice that they would give in evidence the payment of the damages before suit brought.

The plaintiffs put in evidence the bond sued on, tallying in every respect with the bond described in the declaration, but varying from the copy filed with the declaration. Whereupon the defendants objected to giving it in evidence, because of this variance, which objection was overruled, and the plaintiffs permitted to amend the copy in conformity to the original. This ruling constitutes the foundation for the first two errors assigned.

There is nothing in the objection. If there was not a copy of the instrument declared on filed ten days before court, the defendants were entitled to a continuance, nothing more. That they did not claim, but went to trial. The bond offered in evidence was the bond described in the declaration, and there was no variance. A variance from the copy is never held to be important on trial. On trial, the bond was admissible, even if no copy whatever had been filed. The copy was not the foundation of the suit, and is no part of the record. The bond given in evidence was the same as the bond described in the declaration—the allegations and proofs therefore agreed, and that is all that can be required in any case, and it is always exacted. It was discretionary with the court to allow the amendment of the copy on the trial, as the mistakes in it were clearly clerical. But the amendment was wholly unnecessary. The party having gone to trial on the merits, it was only necessary for the plaintiffs to show such a bond as they had described in their declaration.

The remaining errors assigned, present the real questions in controversy. They are free from all difficulty, and are all disposed of by reference to the condition of the bond, which is as follows: "Now, therefore, the condition of this obligation is such, that if the said Potter shall, on or before the twenty-fifth day of June, A. D. 1858, deliver to the said Hendersons, or to their agents, the notes of the kind and to the amount aforesaid, then this obligation shall be null and void, otherwise to remain in full force and entire." The meaning of which is, that if the judgment debtor, A. S. Potter, shall deliver the specified collaterals at the time agreed upon, then the obligation was to be void, if not, it shall be in force.

Now, clearly, under such a contract as this, it must be wholly immaterial what the pecuniary circumstances of Potter may have been. The defendants have undertaken for him, that by a certain day, he shall do a certain act for the benefit of the plaintiffs. If he was worth millions, it did not relieve the defendants from their responsibility. Those of them who are sureties, if compelled to pay for his default, can resort to their action against him to be reimbursed out of his abundant means. That is a matter in which the plaintiff can have no interest. It is sufficient for him that he has their guarantee, that his debt shall be paid at a certain time and in a particular way, by a timely deposit of good collaterals to the amount of eighteen hundred dollars, and which, if not paid and discharged, should be the absolute property of the plaintiff at his election, in satisfaction of his judgment.

On failure of Potter to deliver these collaterals, can there be

any doubt that the plaintiff was entitled to his action at once, against the defendants, and can there be any question as to the measure of his damages ? We think not. The plaintiff had a right to repose upon the security of the bond, and on default, claim either the amount of the judgment or the value of the collaterals. He has elected the former, and although that judgment may be collectable, it is no sort of defense to the undertaking of the defendant, which was the timely delivery of the collaterals. That Potter should pay plaintiff's judgment, is no part of the undertaking. There is nothing on which to base the third and fourth errors. As to the fifth error, it is expressly stipulated in the bond that the judgment against Potter should bear interest at the rate of ten per cent. from its date.

The remaining error is, that the plaintiff's counsel was sworn to prove a calculation of the amount due on the judgment with interest at ten per cent. Such a practice is very convenient, and aids a jury very much, where the calculation of interest is at all complicated. The jury are not obliged to take the calculation of the attorney though given to them under oath; they can, notwithstanding, make the calculation for themselves. We are not altogether in favor of allowing the counsel for either party to be a witness for his client to prove any fact, but we have no law or rule of practice, as some courts have, forbidding it. We would be better satisfied, that the proof should come from an indifferent party.

As to the remaining objection, the death of Charles N. Henderson, one of the plaintiffs, was suggested on the record before trial, as is shown by a supplemental record, filed by leave of this court. So there was no error in taking the judgment in favor of Charles M. Henderson as survivor.

There being no such errors in this record as are assigned, the judgment is affirmed.

*Judgment affirmed.*