## William Hermann

### *v.*

## Charles W. Pardrige *et al.*

1. Trial by the court. Whilst it is indispensable to the trial of a cause before the court without a jury, that the parties shall agree to that form of trial, it is not indispensable that the record should show both parties were present when the trial was had.

2. If either party, having agreed to a trial by the court without a jury, does not deem it necessary to be present at the trial, he must abide the consequences resulting from his absence. The mere fact of his absence is not sufficient evidence of his revocation of the agreement.

3. Bill of exceptions—*what must be preserved.* The fact that a case was taken up out of its regular order on the docket, in the absence of a party, without notice to him, and that an agreement that the case might be tried by the court, upon which the record shows it was tried, was made at a former term of the court, and was not intended to apply to the term at which the case was tried, are matters that can only be made to appear of record by a proper bill of exceptions. They can not be disclosed by the entries alone made by the clerk.

4. Presumption—*in favor of the regularity of a judgment.* When it appears that the court had jurisdiction both of the person of the defendant and of the subject matter of the litigation, and renders judgment, and there is no bill of exceptions, this court will presume that the judgment is in all respects regular, and that objections urged but not appearing in the record have no foundation in the facts.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

Mr. Thomas Shirley, for the appellant.

Messrs. Bentley & Quigg, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellees filed, in the court below, their declaration in assumpsit, to which appellant pleaded, and, issue being joined, the record shows, on the 15th of January, 1875, the appellant

not being present, the cause was submitted to and tried by the court without the intervention of a jury, pursuant to the previous agreement of the parties.

Two grounds of reversal are insisted upon :

*First*—That the case was taken up in the absence of appellant, and without any notice to him, and tried out of its order on the docket.

*Second*—That the agreement that the case should be tried by the court, without the intervention of a jury, was made at a former term, and was not intended to apply to the term at which the case was tried.

Both depend upon matters which the entries, alone, to be made by the clerk, can not disclose. They can only be made to appear of record by a proper bill of exceptions. In the present instance there is no bill of exceptions in the record.

There being jurisdiction both of the person of the defendant and of the subject matter of litigation, we must presume that the judgment is, in all respects, regular, and that the only objections urged have no foundation in the facts. *Iglehart* v. *Pitcher,* 17 Ill. 307; *Rich* v. *Hathaway,* 18 id. 548.

The forty-first section of the Practice act (R. L. 1874, p. 780) provides, "in all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court." It is not indispensable the record shall show *both parties were present* when the trial was had. It is indispensable *they shall agree to* that form of trial; but, this being done, the parties may or may not, as they shall elect, be present at the trial. If either party, having thus agreed, does not deem it necessary to be present at the trial, he must abide the consequences resulting from his absence. The mere fact of his absence is not sufficient evidence of his revocation of the agreement.

*Judgment affirmed.*