THE CITY OF CHICAGO

v.

ELIZA T. PORTER et al.

*Filed at Ottawa May 9, 1888.*

BILL OF EXCEPTIONS—*when necessary—in order to preserve a question for review.* In the absence of a bill of exceptions showing upon what ground the court below dismissed a petition to condemn land for a public use, it will be presumed that the action of the court was fully authorized by the facts before it.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JAMES P. ROOT, for the plaintiff in error.

Mr. E. A. OTIS, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by the city of Chicago, in the Superior Court of Cook county, to condemn a portion of certain lots for public use. The Superior Court, on motion of one of the defendants, dismissed the petition, and the ruling of the court on the motion is assigned for error.

The record contains no bill of exceptions. There is therefore nothing to show upon what ground the court dismissed the cause. In the absence of a bill of exceptions showing upon what ground the court dismissed the petition, this court will presume that the action of the Superior Court was fully authorized by the facts before it. In *Bulger* v. *Hoffman*, 45 Ill. 352, where an appeal was dismissed in the circuit court, and the record contained no bill of exceptions, it was held: Where an appeal from an inferior court to the circuit court of Cook county was dismissed, it will be presumed, in the absence of a bill of exceptions preserving the ground of dismissal, that it was for non-compliance with some proper order or rule of court. The same principle must apply here. In the absence of a contrary showing, we will presume in favor of the judgment. If the plaintiff in error was not satisfied with the judgment dismissing the petition, the facts upon which the court acted should have been preserved in a bill of exceptions, and then the decision of the court might have been reviewed on appeal or writ of error.

No error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*