## Wheeler & Tappan Co. v. Dahms et al.

1. RECORD—*Motions and Affidavits—When a Part.*—Motions and affidavits are not a part of the common law record, and if it is desired that they be passed upon by a reviewing court, they must be brought before it by a bill of exceptions.

2. CONTRACTS—*Violation, etc.*—Where a person is employed to make a journey for another, and does all that is required of him, the fact that he transacted other business upon such journey is not material, unless it is in some way a violation of the terms of the employment.

**Memorandum.**—Assumpsit. In the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Appeal from justice's court; trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

### STATEMENT OF THE CASE.

This was an action in assumpsit, brought before a justice of the peace, on a contract for the payment of $225 due the appellees for services rendered as attorneys, on a contract for the payment of $25 per day, and expenses for eleven days. A remittitur was entered before the justice of the peace for $25, and judgment rendered for $200, which was appealed to the County Court, where the case was tried before a jury, and a verdict rendered for $200, on which judgment was entered against the appellant, from which he appeals to this court.

Vallette & Griffen, attorneys for appellant.

Dahms & Langworthy, *pro se.*

Opinion of the Court, Waterman, J.

It is urged that the judgment rendered by the County Court in this cause upon an appeal from a justice of the peace should be reversed, because the case was, it is said, improperly placed upon the short cause calendar, the notice to do so and the necessary affidavit having been given and made before a transcript of the record had been filed or an appearance of the appellee entered.

It does not appear save inferentially that the cause was tried or even ever was upon the short cause calendar. The bill of exceptions contains a motion to strike the cause from such calendar and a refusal by the court to do so, but neither affidavit nor notice for placing the case upon any calendar appear in the bill of exceptions; there is a direction to " insert notice to place on short cause calendar," but no such notice is inserted.

Motions and affidavits are not part of a common law record, and if it is desired that they be passed upon by a reviewing court, they must be brought before it by a bill of exceptions. Meacock v. Hosmer, 109 Ill. 245–248; Van Cott v. Sprague, 5 Brad. 99.

We see no sufficient reason for interfering with the conclusion as to the facts arrived at by the court and jury before whom the cause was tried.

The plaintiff seems to have done all that was required of him in his journey East; it is not pretended that he did not serve the appellant faithfully, and while he may have transacted other business, so doing was not material, unless it was in some way in violation of the terms of his employment by appellant, or tended to its injury.

The judgment of the County Court is affirmed.