## George H. Hess Company v. Dawson et al.

1. BILL OF PARTICULARS—*Limitations by.*—A party is confined to the amount stated in his bill of particulars.

2. BILL OF PARTICULARS—*Not a Part of the Record.*—A bill of particulars is not a part of the record, and should be shown by a bill of exceptions, if it is to be considered by a reviewing court.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration, common counts; pleas of general issue and tender; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 29, 1893.

The opinion states the case.

MYER S. EMRICH, attorney for appellant.

D. T. DUNCOMBE, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We have examined the record of this case and regard the letters and inclosures therein, of July 22d, 23d and 24th, as constituting a contract that appellees would make up certain designated castings, from which appellant might from time to time order, paying on the 20th of each month for all goods ordered the previous month, and paying on the 20th of November for all the castings made. That the previous negotiations between the parties are immaterial and evidence of them was properly excluded. That under this

contract it was the duty of appellees to ship as ordered all of such castings, provided those ordered the previous month had been paid for on the 20th of the succeeding month. Thus appellees were bound to ship all castings ordered prior to August 21st. On that day if those ordered in July had not been paid for, they might refuse to give further credit, by filling further orders.

We think it appears. by the letters of appellant, dated September 23d and September 29th, that it was, at each of said dates, derelict in the payment that should have been made at least as early as September 20th, and that it also appears by its letters, dated October 21st and November 3d, that it was on each of the last mentioned dates in default . for payment that should have been made at least as early as October 20th.

It is not urged that the balance claimed to be due October 31st has ever been paid.

It thus appears that if appellant is entitled to recoup any damages it may have sustained by reason of a failure of appellees to supply goods as ordered, it can only be in respect to castings ordered prior to August 21st.

Appellant, however, insisted upon the trial in the court below, that appellees had failed to fill orders made, and that it, appellant, had been greatly damaged thereby, and it now insists that the Circuit Court erroneously refused to allow it to introduce evidence showing such failure and consequent damage.

The offers of the defendant were as follows :

Q. "You may state to the jury whether or not the plaintiffs in this case furnished the castings which they agreed to furnish as called for by you from month to month?"

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q. "You may state whether you had any conversation with the plaintiffs, or either of them, with regard to their not furnishing the castings as called for by you, and, if so, you may state what the conversation was ?"

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q. "You may state whether, after the writing of the letter of July 22, 1890, and prior to November 20, 1890, you had any conversation with the plaintiffs in regard to their furnishing the castings called for, mentioned in this letter of July 24, 1890?"

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Mr. Pope: "We offer to prove by the witness that subsequent to the writing of the letter of July 22, 1890, and prior to the 20th day of November, 1890, and also upon that day, repeated requests were made, and demands were made by the defendant and its officers, upon the plaintiffs, to furnish the material called for, and the castings called for in this letter of July 24, 1890, and that they refused and did not furnish them when called for."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Mr. Pope: "We offer now to show that from time to time and month to month, during this period, the defendant and its officers made demands upon the plaintiffs to furnish these castings, and that they refused and did not furnish them."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Mr. Pope: "We offer to prove by the same witness that during the same period, from month to month, we called upon them repeatedly for these castings, and they refused and did not furnish them."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q. "You may state to the jury whether or not you, from month to month, called upon the defendant for the castings mentioned in this letter of July 24th, specifying each time the amount of castings in which they were deficient, and had not furnished, and asking them to send them forward at once."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q. "You may state to the jury whether or not, in con-

George H. Hess Co. v. Dawson.

sequence of any default, if any existed, by the plaintiffs, in not furnishing the castings as called for by the contract between the parties, you were put to any pecuniary loss; if so, what?"

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q.  "You may explain in full to the jury the amount of loss sustained."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Mr. Pope:  "We now offer to prove by the witness that in consequence of the default of the plaintiffs in not furnishing the castings as called for, we were unable to complete the furnaces entire, and that in consequence, we lost contracts— outstanding contracts we canceled because of our inability to furnish the furnaces, owing to the fact that we had not the castings which the plaintiffs had agreed to furnish."

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

Q.  "You may state whether you had any outstanding contracts or orders which you were prevented from completing because of the failure of the plaintiffs to furnish these castings when you called for them?"

(Objected to by the plaintiffs; objection sustained; exception by the defendant.)

It will be observed that the appellant did not offer to show that there was a neglect to furnish castings at a time when it was not in default upon its payments, nor were any of the offers specific as to date or articles.   See Fairchild v. Case, 24 Wend. 381.

Nevertheless, in view of the fact that the letters showing a default in the payments due September 20th and October 20th, were only introduced in evidence in rebuttal, it would seem to the writer of this opinion that appellant should have been permitted to show such specific failures to furnish goods as it could, leaving it to appellees to show the default of appellant as an excuse for complying with its order; that the rulings of the court indicated that its action was not based upon a want of definiteness in the offers to prove.

The majority of the court think otherwise, and it is to be said that it is inferable that there were no refusals prior to August 21st to fill orders, as appellant on the 17th of November paid in full for all that was due up to October 1st. It would seem that if, on August 21st, goods ordered prior thereto had been refused, and consequently, as contended, appellant was not bound, August 20th, to pay for goods ordered in July, that it would not, on the 17th of November, have paid in full for everything due up to October 1st.

As to any error in refusing to allow appellant to show failures to fill orders, because the evidence of the default of appellant had not then been presented, if the evidence of appellant's default that subsequently came in is to be regarded as conclusive, such error would be made immaterial by such subsequent evidence.

A bill of particulars having, it is insisted, been filed, it is urged that it was error to allow a verdict to be given and to render judgment for $18 more than the amount of such bill.

A party is confined to the amount stated in his bill of particulars. Morton v. McClure, 22 Ill. 257; Clement v. Brown, 30 Ill. 43.

The declaration in this case contained the common counts—among others, one for account stated. No bill of particulars is necessary for such a count; and there was evidence warranting a verdict upon such count.

A bill of particulars is not a part of the record, and should be shown by a bill of exceptions, if it is to be considered by a reviewing court. Eggleston v. Buck, 24 Ill. 262; Bogardus v. Trial, 1 Scam. 63; Harlow v. Boswell, 15 Ill. 56; Van Cott v. Sprague, 5 Ill. App. 99; Heacock v. Hosmer, 109 Ill. 425; Wheeler & Tappan Co. v. Dahms, 50 Ill. App. 531.

No bill of particulars is shown by the bill of exceptions in this case, and we can not therefore consider it.

We find in this record nothing leading us to think, with counsel for appellant, that injustice is done by the judgment in this case, and it is affirmed.