## James Bowlan v. F. C. Lambka.

1. RECORDS—*Matters Outside of the Common Law Record—Practice.*—If a party desires to have a matter, which is outside of the record at common law, considered by the court and its judgment upon it, he must see that it is contained in a bill of exceptions.

2. SAME—*What is, at Common Law.*—The summons and return, declaration and subsequent pleadings, verdict and judgment, make up the common law record. Affidavits and bills of particulars are not.

3. SAME—*What is Not.*—Copies of bonds, accounts and other instruments sued on, affidavits filed in an action at law, bills of particulars and the like, are no part of the common law record; they must be preserved in a bill of exceptions.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed February 12, 1895.

MASTERSON & HAFT, attorneys for appellant.

E. J. PHILLIPS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. The appellee sued the appellant in assumpsit. Were we

permitted to read affidavits and a bill of particulars which the clerk has copied into the transcript, but which are not in the bill of exceptions, we might conclude that the suit was to recover money which the appellee had paid as surety for the appellant, and that the appellant had no good defense to the suit; but whatever outside of the common law record, viz., the summons and return, declaration, pleadings subsequent thereto, verdict and judgment, an appellant in a case at law desires the judgment of an appellate court upon, must be contained in a bill of exceptions, or he will fail in his purpose. Hess v. Dawson, 51 Ill. App. 146; Baldwin v. McClelland, 50 Ill. App. 645.

We may not examine whether the affidavit of appellee as to claim, or the affidavit of the appellant as to his defense, was good, and therefore affirm the judgment.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

A rehearing is applied for upon a couple of loose expressions, one in Hess v. Dawson, 149 Ill. 138–145, and the other in Baldwin v. McClelland, 152 Ill. 42–54, neither necessary to the decision, and both contrary to many prior decisions, relating to bills of particulars.

The copy of a bond sued upon filed with the declaration "is no part of the record." Stratton v. Henderson, 26 Ill. 68. "Copies of instruments sued upon, copies of accounts and affidavits filed in an action at law, are not parts of the record." Garrity v. Lozano, 83 Ill. 597. Bill of particulars not in bill of exceptions can not be noticed. Schofield v. Settley, 31 Ill. 515. So of service of a copy of the declaration and rule to plead under the special practice act of 1853 (Iglehart v. Pitcher, 17 Ill. 307, and note), and warrant of attorney on judgment by confession in term time. Waterman v. Caton, 55 Ill. 94.

The court, as shown by the judgment, struck out the appellant's plea "for want of a sufficient affidavit," entered a default, and assessed the damages, which upon a default, the court is authorized to do. Sec. 41, Practice.

The appellant now contends that the affidavit of the ap-

pellee was not sufficient under Sec. 37, but as no affidavits are in the bill of exceptions, we hold that they are not before us.

Hard cases (we doubt if this is one) produce erratic decisions; as Gallimore v. Dazey, 12 Ill. 143, not consistent with Chicago v. Porter, 124 Ill. 589, and case there cited, as well as with Thompson v. White, 64 Ill. 314.

In the seventy odd years covered by the reports of the decisions of the Supreme Court, that court has occasionally found it necessary to take back *obiter dicta*, and sometimes to overrule prior cases. We endeavor to follow where it has deliberately led. Petition denied.