· 61  279
16²s  92

## William Wrigley, Jr., et al. v. George M. Cornelius et al.

1. CREDIBILITY OF WITNESSES—*For the Jury.*—The question of the credibility of witnesses is one for the jury.

2. WAIVER—*Notice of Resale of Goods.*—A person entitled to notice of the resale of goods waives the same by telling the persons of whom

such notice is required, in reply to the question "What shall be done with them?" that he does not care.

3. VENDOR AND VENDEE--*Resale of Goods on Refusal to Accept.*-- When a vendee refuses to accept goods, and waives notice of the resale of them by the vendor, the vendor is only required, on a suit for the recovery of damages for non-acceptance, to show that he disposed of such goods in good faith, with reasonable prudence and discretion.

Assumpsit, for non-acceptance of goods sold. Appeal from the County Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

DOOLITTLE, TOLMAN & POLLASKY, attorney for appellants, contended that in a suit brought upon the breach of a contract of sale of personal property, when brought to recover the difference between the contract price and the price which the goods brought upon resale, the seller must give notice to the buyer of his intention to make such resale, unless the property is perishable or subject to depreciation in value or price. Bagley v. Findlay, 52 Ill. 524; Trunkey v. Hedstrom, 131 Ill. 209; Roebling Sons Co. v. Lock Stitch Fence Co., 130 Ill. 670; Saladin v. Mitchell, 45 Ill. 85; Newberger v. Rountree, 18 Ill. App. 612; Norton v. Hummell, 22 Ill. App. 196; Aultman v. Henderson, 32 Ill. App. 336; Kendall v. Young, 40 Ill. App. 394; Ullman v. Kent, 60 Ill. 271; Maulding v. Steele, 105 Ill. 647; Plumb v. Campbell, 129 Ill. 110; Dustan v. McAndrew, 44 N. Y. 72; Hayden v. Demets, 53 N. Y. 426; McEachron v. Randles, 34 Barb. 301; Mallory v. Lord, 29 Barb. 454; Crooks v. Moore, 1 Sandf. 297; Bogart v. O'Regan 1 E. D. Smith, 590, 592; Lewis v. Greider, 49 Barb. 606; Porlen v. LeRoy, 30 N. Y. 555; Leonard v. Portier (Tex.), 15 So. W. R. 414; Ingram v. Wackernagel (Iowa), 48 No. W. R. 998; McClure v. Williams, 5 Sneed (Tenn.), 718; Granberry v. Frierson, 2 Baxter (Tenn.), 326; Waples v. Overaker, 77 Tex. 7; Redmond v. Smock, 28 Ind. 370; Chapman v. Ingram, 30 Wis. 290; Pickering v. Bardwell, 21 Wis. 562; 2 Kent's Com., 504; Benjamin on Sales, Sec. 788, note E; 2 Parsons on Contracts, 484; Story on Sales (2d Ed.), 436; Tiedemann on Sales, Sec. 334; 2 Schouler, Personal Property, Sec. 551.

LOUIS BOISOT, JR., attorney for appellees.

Where a vendee refuses to receive goods bought, the vendor has several remedies, one of which is to resell the goods and sue for the difference between the contract price and the amount obtained by such resale. This is what appellees did. But appellants claim that they should have given notice of the resale. To this there are two answers: First, the law does not require such notice. Second, the appellants expressly waived notice. Ullman v. Kent, 60 Ill. 271; Maulding v. Steele, 105 Ill. 647; Plumb v. Campbell, 129 Ill. 110; Van Brocklen v. Smeallie, 140 N. Y. 70; 35 N. E. Rep. 416; Mann v. Nat. L. O. Co., 87 Hun 558; 34 N. Y. Supp. 481; Porlen v. LeRoy, 30 N. Y. 549; West v. Cunningham, 9 Port. (Ala.) 104; 32 Am. Dec. 300; Hickok v. Hoyt, 33 Com. 553.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellees sued the appellants for not accepting part of the goods which the appellees allege that the appellants contracted to buy from the appellees.

The first head of the appellants' brief is: "The improper admission of evidence." The abstract shows no exception to the admission of any evidence.

Second. "The refusal of proper instructions on the question of the burden of proof." Those instructions are:

"The jury are instructed that the burden of proof in this class of cases is always upon the party holding the affirmative; and any matter asserted by one party and denied by the other can only be proved in law by a preponderance of the evidence, and in this case, if the jury find from the evidence that the plaintiff has proved the alleged contract by only one witness, and that the contract has been denied by one witness of equal credibility and means of knowledge, then, as a matter of law, such contract has not been proved, unless in the minds of the jury there have been facts or circumstances proved corroborating the plaintiff's witness sufficient to outweigh the testimony on the part of the defendant.

2. If you believe from the evidence that the plaintiff has sworn positively that the defendant ordered ten thousand of the pictures in controversy from the plaintiff, and that the defendant has sworn just as positively that he did not order ten thousand of the pictures in controversy from the plaintiff, and if you further find from the consideration of the evidence in the case that the testimony of the defendant is entitled to as much credit as that of the plaintiff, and corroborated to the same extent, then, so far as that point is concerned, you should find for the defendant." Johnson v. People, 40 Ill. App. 382, 140 Ill. 350, is a complete answer. Credibility of witnesses is for the jury.

The really serious question in the case is under the third : "The necessity of notice of resale." We shall not enter upon the task of reconciling, or extracting the true rule from the many cases on that subject.

The evidence is that on the refusal to accept, one of the appellees asked one of the appellants what he (appellee) should do with the rest, and the reply was that he didn't care what —do what appellees chose. This waived notice, and only required appellees to show that they disposed of the residue in good faith and with reasonable prudence and discretion.

The bill of particulars is not before us, not being in the bill of exceptions. Bowland v. Lambka, 57 Ill. App. 334. The judgment is affirmed.