| 10 531 |
| 31a 109 |

## THE BARGE RESORT vs. WILLIAM BROOKE.

1. A barge is a boat within the meaning of the act concerning boats and vessels.

2. It is competent evidence in a suit against a boat, on a note given by a former owner for services, to shew that the note was given and accepted as the individual note of such former owner, and for this purpose the maker of the note is a competent witness.

3. It is not necessary, in a bill of exceptions, to set out all the evidence, except where the verdict is alleged to be against evidence. If the rejection of evidence, or the refusal of instructions, be complained of, it is sufficient to shew the evidence offered, and that the evidence properly raised the question in the instruction.

APPEAL from the St. Louis Common Pleas.

CROCKETT & BRIGGS, *for Appellant, insist:*

That the judgment below should be reversed, because the verdict and judgment were against law and the evidence;

Because R. M. Strother was not permitted to testify;

Because the instructions prayed by barge's counsel were refused; and, finally,

Because a new trial was not granted.

B. F. THOMAS, *for Appellee, insists:*

1. That the judgment in this cause ought to be affirmed, at the costs of the appellant, because the bill of exceptions does not purport to contain all the evidence given in the court below. Foster & Foster vs. Nowlin, 4 Mo. R., p. 18; Hughes vs. Ellison, 5 Mo. R., p. 110; Vaughn vs. Montgomery, 5 Mo. R., p. 528; Magehan vs. Orme & Speers, 7 Mo. R., p. 4.

2. The court below did not err in refusing to suffer R. M. Strother to testify in this cause.

3. The court below did not err in refusing to give the instructions prayed by defendant's counsel.

4. The court below did right in overruling defendant's motion for a new trial.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding under the statute concerning "boats and vessels," against the barge, for services rendered on board said boat as watchman. Brooke, the plaintiff, recovered judgment, from which the barge has appealed to this Court.

There was evidence of the services of the plaintiff. The barge was taken to New Orleans. In June, 1844, she was attached in New Orleans for debt, and was there sold, when E. W. Clark and his brother became the purchasers. The plaintiff left New Orleans for St. Louis about the 5th July, 1844. The barge was sold in August, 1844. Strother, who built the barge and employed the plaintiff, on the 18th July, 1844, executed to him his due bill for the sum in controversy, which was given in evidence in the cause. This suit was commenced on the 9th January, 1845.

The defendant, by her owners, offered to prove by Strother, the former owner of the boat, and who executed the note used as evidence in the cause, that the said note was his own personal obligation and not binding on the boat; that it had been so received and so understood; that the

plaintiff had no lien on the barge, and was to look to Strother individually for the money due by the note. Evidence was also given showing the kind of vessel the barge was; that she was not worked by steam, but was used by towing. The evidence of Strother was rejected by the court, as also an instruction to the effect that the barge was not subject to a lien and to this proceeding.

An objection is taken by the appellee, that the bill of exceptions does not show that all the evidence is preserved in it. It is hard to imagine a reason why the bill of exceptions should contain all the evidence in cases where the points to be raised in this Court may be the exclusion of testimony, or the giving or refusing of instructions. In such cases, all that would be necessary, it seems, would be to show enough to satisfy this Court of the relevancy of the evidence, and that the evidence raised the question of law contained in the instruction. If twenty witnesses are examined to prove one or more facts on which a point of law arises, would it not do as well to state in the bill of exceptions that testimony was given tending to establish the fact or facts, as to detail the whole evidence? In cases of this kind, to require all the evidence to be put in the bill of exceptions, is imposing great labor on the court and counsel who try the cause. It, in many cases, greatly increases the costs of suits by swelling the records unnecessarily, and is productive of nothing but embarrassment to this Court. Courts constituted like this, we find making complaints against a practice which has been adopted by this Court. Armstrong vs. Toler, 11 Wheat., 277; Green vs. Collins, 6 Iredell, 139. No inconvenience can result from a change; it will affect no man's right and greatly facilitate the despatch of business. It can only be necessary to preserve all the testimony in any case when it is brought here on the ground that the verdict is against the weight of evidence; and from the disinclination of this Court to interfere in such cases, and the many refusals of late to disturb verdicts on that ground, we suppose it would be a very flagrant case in which counsel would advise such a course.

Another question in the cause is the liability of a boat of the character of the barge to the proceedings under the act "concerning boats and vessels." The words of the act are sufficiently comprehensive to embrace vessels of the class sued in this case. The statute does not say every steamboat, or all steamboats, but *every boat or vessel* navigating the waters of this State shall be liable to attachment. The barge is clearly within the letter of the law, and there being no reason why it should not be subject to the same proceedings as a steamboat, it cannot

be said that the General Assembly contemplated its exemption from this remedy.

We cannot see on what ground the evidence of Strother was rejected. All his interest in the barge had been conveyed away by process of law. He had made no warranty that it was freed from incumbrances. In exempting the boat, then, from the payment of the note, he was testifying against his interest, and was clearly admissible as a witness.

It may be remarked in this case, that the evidence shows that the suit against the barge was commenced more than six months after the cause of action accrued.

The other Judges concurring, the judgment will be reversed, and the cause remanded.