24   289<br>50a 652<br>———<br>24      289<br>108a ³570

JAMES P. VAN DUSEN, impleaded, etc., Plaintiff in Error, *v.* FREDERICK H. POMEROY, Defendant in Error.

### ERROR TO GRUNDY COUNTY COURT.

The general issue goes to the entire declaration ; it presents an issue of fact which must go to a jury unless otherwise agreed ; and although a plea of payment to a part is also filed, the plaintiff cannot take judgment by default for the residue.

When a judgment is to be rendered *nil dicit* as to part of a sum claimed, that judgment should be deferred until the trial of the issues in the case, so that there shall be but one judgment and one recovery.

Where errors are shown by the record of a cause, a bill of exceptions is unnecessary ; and the costs of it will be charged to the appellant or plaintiff in error.

THIS was an action on a note, dated the 26th day of February, 1858, for one hundred and fifty dollars, with use, payable by the first day of November, then next, to Timothy McKanna, and signed by defendants, and indorsed to plaintiff.

Common counts, money paid, had and received, etc., work and labor, and for an account stated, were added.

First plea—Non-assumpsit.

Second plea—Payment, with the exception of twenty-five dollars, with interest on the same from the date of the note.

There was a motion by plaintiff, on the plea of payment, for judgment *pro confesso*, for twenty-five dollars, with interest from date of the note; which was rendered by the court.

A jury was called and sworn to try the issues made, on the two pleas.   There was a verdict for plaintiff for one hundred and thirty-four dollars and sixty-four cents, and a judgment for

19

plaintiff for one hundred and sixty-one dollars and fifty-seven cents.

There was a motion in arrest of judgment, for the following reasons:

1st. Because the plaintiff took judgment by confession, when there was a plea on file denying the whole cause of action.

2nd. Because the order for judgment is more than the verdict of the jury.

Motion overruled, and defendant, Van Dusen, excepted.

SEELEY & SANFORD, for Plaintiff in Error.

J. W. NEWPORT, for Defendant in Error.

WALKER, J. When the general issue was filed to the entire declaration, it traversed every material allegation contained in every count, and put the plaintiff upon the proof of his cause of action. That plea also formed an issue of fact that could only be tried by a jury, unless, by consent of the parties, it was submitted to the court. These are the first and plainest principles of the law of pleadings and practice. They have never been questioned, and they must continue to be acted upon until altered by legislative enactment and constitutional provision, as to the mode of trial. This being the case, the failure of the defendant to plead payment to the whole of the demand claimed in the declaration, gave the plaintiff no right to have a judgment by default for that portion unanswered by that plea, as the general issue had put him upon proof of his whole claim. Nor could the court try the general issue as to that portion, and leave the balance of the issue untried.

Nor was this error cured by the final judgment in the case. When a judgment of *nil dicit* is rendered for a part of the demand, the practice requires the jury to take that into consideration in assessing the damages, or upon the trial of the issues in the cause. Their verdict should embrace the amount admitted by *nil dicit*, as well as any other sum they may find on the trial of the issues. This is the uniform practice of our courts, and we cannot indulge the presumption that it was departed from on the trial of this cause. And if the verdict embraced that portion for which a default was entered, then the plaintiff below has twice recovered that sum, and such a recovery would be a palpable error. Thus we see that even had there been no plea of the general issue filed, it was erroneous to split up the cause of action into several judgments, and thereby harrass the defendant with unnecessary costs.

All the errors in this case are apparent from the orders of

the court appearing upon the record, and the bill of exceptions only presents these orders, and introduces nothing else into it. It was therefore unnecessary and unauthorized by the practice. It served no beneficial purpose, and, on the contrary, unnecessarily encumbered the record, and increased the expense. The plaintiff in error must, therefore, pay the costs occasioned by the filing and embodying it in the transcript.

The judgment of the court below is reversed, and the cause is remanded.

*Judgment reversed.*