CHARLES B. STARK, Respondent, v. BRITTON A. HILL, Appellant.

### St. Louis Court of Appeals, May 8, 1888.

1. EVIDENCE—PROFESSIONAL SKILL.—In a suit by an attorney for professional services rendered in the taking of depositions, an unofficial transcript of the depositions taken, with the questions put to the witnesses and their answers, made by a witness who was present, is proper, to be used in connection with his testimony as evidence on the questions of reasonable skill and diligence exercised by the attorney and the value of his services.

2. COSTS—BILL OF EXCEPTIONS—SUPERFLUOUS MATTER.—Where in an appeal the only question raised relates to the admissibility of certain evidence, and the appellant's bill of exceptions contains a mass of irrelevant matter pertaining to other features of the case, against which the respondent has made timely objections on the score of unnecessary expense, then, although the judgment be reversed and the cause remanded, it is proper for this court, on motion, to retax the costs so as to compel the appellant to pay a reasonable part thereof, in due proportion to the extent of the irrelevant matter so encumbering the record.

APPEAL from the St. Louis Circuit Court, HON. JAMES A. SEDDON, Judge.

*Reversed and remanded.*

MARTIN, LAUGHLIN & KERN, for the appellant: The court erred in excluding this duplicate copy of the depositions taken by commissioner Denison. When shown to contain the questions propounded by plaintiff to the witnesses, and the answers given, the matter was competent as showing the work actually done by the plaintiff, and it was proper for the court trying the case to know what this work was, and also material for the experts to base their opinions upon as to the value of the work done. It was competent for the defendant to show just what the work sued for was, and to that end competent for the witness Cohick to use the memoranda

made at the time to tell the court what that work in fact was. We understand the rule to be that, in the absence of an express stipulation for his fee, an attorney is entitled to recover the reasonable value of his services. *Wright v. Baldwin*, 51 Mo. 269 ; *Webb v. Browning*, 14 Mo. 354 ; *Rose v. Spies*, 44 Mo. 20. But we contend that the reasonable value of such services do not depend entirely, but indeed to a very limited extent, on the time occupied in such services. The element of professional knowledge, the element of professional skill, and the element of benefit to the client are of vital, if not of controlling, importance. Wicks on Attorneys at Law, 577. *Lombard v. Bayard*, 1 Will, Jr., 207, referred to in *note*, Wicks on Attorneys, page 578, in this language : "In all cases, professional compensation is gauged not so much by the amount of labor as by the amount in controversy, the ability of the party, and the result of the effort." *Rose v. Spies*, 44 Mo. 20.

R. S. MACDONALD and JOHN A. GILLIAM, for the respondent : Appellant's questions to witnesses Simmons and Cohick, founded upon the Cohick memoranda, called for their opinions as to the materiality, relevancy, and competency of the questions asked by Stark. These were questions of law, and a witness is not permitted to give his opinion on a question of domestic law. Lawson on Expert Evidence, 60 ; *Gaylor's Appeal*, 43 Conn. 82 ; *Massure v. Noble*, 11 Ill. 531 ; *Roberts v. Cooper*, 20 How. 467 ; 2 Miller, 529. Supposing the Cohick memoranda were competent to prove that Mr. Stark asked immaterial and irrelevant questions, such evidence would be merely cumulative to Cohick's, Wingate's, and Simon's evidence, and the rule is not to reverse for the admission or exclusion of merely cumulative evidence. *Prickett v. Anchor Line*, 13 Mo. App. 436 ; *Clark v. Finn*, 12 Mo. App. 583 ; *Gas Co. v. St. Louis*, 12 Mo. App. 573 ; *Miller v. Miller*, 13 Mo. App. 591 ; *State v. McGuire*, 16 Mo. App. 558.

THOMPSON, J., delivered the opinion of the court.

The plaintiff, who is an attorney-at-law, has brought this action to recover the reasonable value of certain professional services rendered by him at the instance and request of the defendant, between the first of April and the first of August, 1886. The answer was a general denial. The cause was tried before the court without a jury. There was a finding and judgment in favor of the plaintiff in the sum of eleven hundred and seventy-five dollars. No instructions were asked or given. The only question which arises upon this appeal is the propriety of the ruling of the trial court in excluding a certain writing as evidence and in ruling that the witness who wrote it could not use it as a memorandum for the purpose of refreshing his recollection.

It appeared from the evidence that the defendant employed the plaintiff to take depositions in St. Louis to be used in defence of an action brought by Mrs. Edmundstone against E. C. James in the Supreme Court of St. Lawrence county, New York, which action the defendant was interested in defending; and that the plaintiff had consumed about eighty-two days in the taking of these depositions. The plaintiff's evidence tended to show that the defendant had agreed to give him a reasonable professional remuneration for the services so to be performed, while the defendant's evidence was to the effect that he agreed to give the plaintiff ten dollars per day. The defendant undertook to show that the plaintiff had prolonged the taking of the depositions for an unreasonable length of time and had conducted the examination and cross-examination of the witnesses in an unskilful manner; and for this purpose he offered in evidence a transcript of the examination of the witnesses taken down by another member of the bar employed by him for that purpose. This gentleman who had taken this transcript testified that it contained all the questions which were put to the witnesses and all the answers given by them, but it appeared from his testimony that

it was not a literal copy of the depositions as they were taken down and forwarded by the commissioner, and that it omitted some unimportant things which those depositions contained, such as statements of meetings and adjournments on days on which no testimony had been taken. On the objection of the plaintiff, the court excluded this transcript of the examination of the witnesses and afterwards refused to allow the attorney who had taken it to testify from it, as a memorandum to refresh his recollection, as to the questions which were put to one of the witnesses and the answers given by her, on the ground that they were irrelevant and immaterial.

We are of opinion that in so ruling the trial court erred. Although the depositions, as taken and certified and forwarded by the commissioner, were the only competent evidence of the testimony of the various witnesses for the purposes of the suit in which they were taken,—namely, the suit of Edmundstone *vs.* James in the court in New York,—yet, for the purposes of this suit, any transcript of the testimony of such witnesses, verified by the oath of a competent witness, or even oral testimony as to the manner in which they had been examined and cross-examined, was competent evidence. Certainly it was material to the present issue to show in what manner the plaintiff had discharged the duty which he had been employed by the defendant to perform. It was not intended to read this mass of testimony as evidence. Counsel for the defendant in offering it disclaimed that purpose; but it was proposed that experts should examine it and from such examination should say whether the plaintiff had protracted the examination of the witnesses unreasonably, and whether he had discharged the professional duty for which the defendant had employed him in a reasonably skilful and proper manner. Certainly this inquiry had a direct tendency to show what was the reasonable value of his services; since services performed skilfully and without

an unnecessary waste of time and consequent accumulation of costs would be worth more than services performed unskilfully and with an unnecessary waste of time. If, then, this evidence was material, a transcript of the testimony taken down upon the spot and shown to be correct by the oath of the person who took it, would seem to be the very best evidence of the manner in which the examinations had been conducted. The case, we think, has been aptly likened by counsel for the defendant in their printed argument to a case where a conveyancer brings an action for the reasonable value of his services in drawing a will. Would not the will itself, or a copy of it, be relevant upon the question whether he had performed his services with reasonable care and professional skill ?

We, of course, express no opinion upon the questions of fact involved in this case, further than to say that the circumstance that the defendant in this action is himself an eminent practitioner and that he was frequently present at the examination of these witnesses, is not of itself controlling, so far as the question of the admissibility of this instrument of evidence is concerned ; since it might well be that, without carefully going over the depositions at the time when they were taken, he confided in the care, skill, and fidelity of the plaintiff in respect of the manner in which the examinations should be conducted and the extent to which they should be prolonged.

All the judges concurring, the judgment is reversed and the cause remanded.

THOMPSON, J., delivered the opinion of the court on motion to retax costs.

This is a motion by the respondent to retax the costs, on the ground that the bill of exceptions contains a mass of matter which was unnecessary for presenting the single point of law which was presented by the appellant in this court, and upon which the decision of this court was rendered. It appears that the judgment

of the circuit court was rendered on the twenty-ninth of November, 1887 ; that the motion for new trial was overruled on the tenth of January, 1888 ; that the bill of exceptions was signed and filed on the thirty-first of January, 1888, and that the last day of the term was the fourth of February following. The transcript contains one hundred and ninety pages of matter. In it there is embodied a full stenographer's transcript of the proceedings at the trial. In short, the case is brought here as it would properly be brought here if it were a case in equity, where we rehear the facts ; or a case at law where the error assigned is, that there is no substantial evidence in support of the verdict, or that the instructions are framed upon hypotheses of fact not presented by the evidence. Instead of this, in the present case, the trial was before the court sitting as a jury, and no instructions were asked or given ; and the motion for new trial contained but two objections: (1) The excluding of material and competent evidence offered by the defendant; (2) that the damages were excessive. The second objection, though properly urged in the trial court, that court having a discretionary power to set aside its own findings as being against the weight of the evidence, could not have been urged here, because the award of damages was within the limits of the evidence, and we have not the same power to revise the findings of the trial courts on questions of fact, in law cases, which they themselves have on motions for new trial. The question which was presented, and upon which the appeal was decided, was, therefore, the only question which could have been plausibly presented in this court ; and the appellant, or his counsel, should have foreseen this when the bill of exceptions was prepared. But it appears that this fact was brought to their attention by objections, seasonably filed by the respondent, to the signing of the bill of exceptions as prepared, on the ground of unnecessary cost and expense. It appears that these objections were served on appellant's counsel, who did not confess the same, but who offered, in

lieu thereof, to enter into a stipulation that the so-called
Cohick depositions (the matter which had been excluded
as evidence by the trial court) might be brought to this
court in their original form, without being incorporated
into the bill of exceptions and copied into the tran-
script. This stipulation was agreed to and signed by
the respondent. It contained the clause that "plaintiff
reserves all his right upon taxation of costs," and it
concluded by stipulating that "this stipulation shall be
introduced in this bill of exceptions at the end of the
testimony as written." About the same time, just at
what date does not appear, for they were not filed, but
after they had been served on the appellant's attorneys,
the respondent presented to the circuit court his objec-
tions to the proposed bill of exceptions, and they were
overruled. A copy of these objections is before us. The
first paragraph was as follows:

"1. Because the whole testimony given by the
witness on the trial (except the deposition of E. C.
James) is incorporated into the proposed bill of excep-
tions, whereas, in order to properly present the case for
review to the St. Louis Court of Appeals, it is only nec-
essary, under rule eleven of said court, to show the gen-
eral nature of the case and to incorporate into the bill
of exceptions such parts (questions and answers) of the
testimony of the witnesses Hermann, Cohick, Simmons,
and Lodge as are necessary to make the rulings of the
court intelligible on the evidence excluded by the
court."

In the fourth paragraph the plaintiff asserted that
the bill of exceptions could be made up in such a way as
to preserve for review all the defendant's exceptions to
the rulings of the court and completely to insure to him
the full benefit of his appeal, for no greater sum than
forty dollars at the extreme limit. The fifth objection
was as follows:

"5. Because, for the following reasons, the plain-
tiff cannot make his objections to the proposed bill of
exceptions under rule thirty-one of this court, in view

of the method adopted by the defendant; for to do so he would be compelled to undergo the expense and labor of preparing a new bill of exceptions for the use of the defendant, which is not contemplated by said rule."

Rule thirty-one of the circuit court therein referred to is as follows:

"Within ten calendar days after any ruling is made at special term to which a party desires to except, the party excepting shall prepare a bill of exceptions, and shall cause the same, or a copy thereof, to be served, as prescribed by law for the service of notices, on the adverse party, who shall, within three calendar days thereafter, make objections (if there be any) thereto in writing, on a separate piece of paper, pointing out particularly the alterations and additions proposed thereto, and cause the same, or a copy thereof, to be served in like manner on the excepting party. If the excepting party does not agree to such alterations, then the proposed bill and alterations shall be submitted to, and settled by the court. If no objection be thus made to such bill within said three days, all objections shall be considered waived, and the same shall then, at the same term, be presented to the court for signature, if found correct, or for such amendments as may conform the same to the facts. No execution shall issue, without special leave of court, within fifteen calendar days after a motion for new trial or in arrest is overruled."

Rule eleven of this court is as follows:

"When an exception is saved to the admission or exclusion of any evidence, or the allowance or disallowance of any question, the question itself shall be stated in the bill of exceptions, or the substance of the evidence shall be fully stated."

A bill of exceptions might have been made up, presenting the question on which this appeal was prosecuted, within such limits that the transcript would not have exceeded twenty-five pages at most. As no question could be presented for decision in this court upon the mass of testimony which was taken at the trial, it

was wholly unnecessary to bring a stenographic report of it here. By bringing it here, an unnecessary burden was imposed upon this court; since we could not tell what parts of it were material to our decision without reading the whole. The impropriety of making up bills of exceptions in this way, where mere questions of law are raised for decision, has been often pointed out. *Barge Resort v. Brooke,* 10 Mo. 531 ; *Wallace v. Boston,* 10 Mo. 663 ; *Harper v. Minor,* 27 Cal. 111 ; *Kimball v. Semple,* 31 Cal. 657 ; *Lincoln v. Claflin,* 7 Wall. 132 ; *Armstrong v. Toler,* 11 Wheat. 258, 276. The cost of such unnecessary matter does not form, in any proper sense, a part of the costs of the appeal ; but appellate courts have the power, in order to protect themselves from unnecessary burdens, and in order to protect respondents from the payment of needless expense where judgments are reversed, to order that the costs of such unnecessary matter be taxed against the appellant, notwithstanding he is the successful party on the appeal and is entitled by force of statute, or otherwise, to recover full costs against the respondent. *Railroad v. Stewart.* 95 U. S. 279 ; *Chambers v. Fisk,* 22 Tex. 504 ; *Smith v. Smith,* 30 Ala. 642 ; *Van Dusen v. Pomeroy,* 24 Ill. 289 ; *Railroad v. Jones,* 20 Ill. 221. In *Wiggins Ferry Co. v. Railroad,* 5 Mo. App. 347, this court applied the same rule, and, although the judgment was reversed, taxed against the appellant the costs of a large amount of immaterial matter which had been brought up in the transcript.

In exercising such a power, we cannot make any nice discriminations, such as will cramp or hamper counsel for appellants in bringing up such a bill of exceptions as will fully and fairly present the errors which they assign. We cannot go through a long bill of exceptions like this and say what particular page, or one-half or one-fifth of a page might properly have been retained, in order to present the question which was presented. But we can say, from our experience in dealing with these subjects, that a bill of exceptions twenty pages in

length, making with the pleadings and other entries, a
transcript of, say, twenty-five pages in length, would
have been amply sufficient to present the question upon
which this appeal was prosecuted.   And the respondent
having seasonably and fully objected on the ground of
costs to the bill of exceptions, as drawn, and not having,
so far as we can see, waived his objections by signing the
stipulation touching the Cohick depositions, or other-
wise,—we think that we shall, without attempting to
discriminate too nicely, exercise our power justly, if we
sustain this motion to the extent of ordering the clerk
to tax twenty-five dollars of the costs of this appeal
against the respondent and to tax the remainder against
the appellant.   The appellant will also pay the costs of
this motion.

It is so ordered.   PEERS, J., concurs; ROMBAUER,
P. J., is absent.