## Baldwin v. McClelland.

1. BILL OF EXCEPTIONS—*At a Subsequent Term.*—Where neither the defendant nor his attorneys were present, or knew of the judgment, until after the term had passed, the defendant can not preserve any exceptions to such proceedings, and no bill of exceptions could be made up at a subsequent term.

2. RECORD—*Wherein a Common Law Record Preserves Itself.*—There is a marked barrenness of authoritative statement, in this State, as to what a common law record that preserves itself, without the aid of a bill of exceptions, consists of.

3. BILL OF EXCEPTIONS—*When Not Necessary.*—For errors appearing in the record a bill of exceptions *is* not necessary. What is not a part of a record proper, must be preserved by bill of exceptions in order to become so.

4. BILL OF EXCEPTIONS—*Entry of Appearance.*—Where jurisdiction over the person, or the thing, is acquired by other than personal service of process issuing out of the court, as, by appearance, or by publication under the statute, whatever confers the jurisdiction should, by analogy, be considered a part of the record proper, and not necessary to be preserved by bill of exceptions.

5. PRACTICE—*Rule to Plead at Common Law.*—The old rule at common law required notice to the defendant to plead before judgment could be entered against him for want of a plea.

6. PRACTICE—*Judgment for Want of Appearance—Default.*—For want of appearance the court may give judgment by default, and time to plead, after appearance, may be allowed by the court within reasonable and necessary limits.

7. JURISDICTION—*Presumptions as to Regularity of Judgment.*—There being jurisdiction both of the person of the defendant and of the subject-matter of the litigation, the court will presume that the judgment is, in all respects, regular.

WATERMAN, J., dissenting.

8. JUDGMENT—*Defined—When Entered, etc.*—A judgment is the sentence of the law, declared by the court; it is an act done, and presumably, entered *instanti.* Ordinarily, the law does not take note of fractions of a day; judgments are therefore recorded as entered upon a certain day and there is neither authority for nor propriety in rendering one and the same judgment in the same cause, upon two distinct days.

9. JUDGMENTS—*Liens.*—At the common law all judgments related to, and were considered as entered upon the first day of the term, and the lien thereof dated from said first day; by the statute of this State, Sec. 1, Chap. 77, a judgment is a lien on real estate from the time when it is rendered, there being no priority, as to lien, among judgments rendered at the same time.

10. APPEARANCES—*The Rule at Common Law.*—So tenacious was the common law that no one should be condemned unheard, that under its provisions it was not only necessary that proofs summoning the party to appear should be served, but a plaintiff could not declare or proceed in an action until the defendant had *actually appeared* in court to answer. If the defendant refused to appear the only course of the plaintiff in actions wherein arrest was not permissible, was to issue continued process, or to distrain upon the defendant's goods, by which it was expected he would be induced to appear, or to outlaw him, by which he incurred a qualified forfeiture of his goods and lands and his civil rights as a subject were suspended.

11. APPEARANCES—*Entry of, at Common Law.*—At common law the appearance was entered with the proper filacer, an officer whose duty it was to file the writs of which he made proofs, and such appearance was triable by the record.

12. APPEARANCES—*Matter of Record—Common Law Rule.*—Not only at common law ought the appearance to have been entered of record, but the entry on the filacer's book as well as the mere statement of it on the recognizance roll. The imparlance plea or issue roll was not an entry of record.

13. RECORD—*Defined.*—A record is a memorial of a proceeding or act of a court of record, entered on a roll or proper place for the preservation thereof.

14. RECORD—*Nisi Prius at Common Law.*—At common law the *nisi prius* record was the official statement of the writ and pleadings, for the use of the judge at *nisi prius*. On this was subsequently entered the *postea* and judgment.

15. RECORD—*Minute of the Clerk.*—A minute of the clerk is not a record.

16. RECORD—*What is at Common Law, and Under the Statute.*—At the common law nothing but what was enrolled was part of the record. A warrant of attorney and an *essoin* are not part of the record. In this State the process, pleadings, etc., not being required to be copied upon a parchment roll or in a book, become a part of the record by being filed. But, save when otherwise provided by statute, it is in this State, *only* such papers and entries as were at common law enrolled as a part of the record that become by filing or entry a part of the record.

17. RECORD—*Judgment by Confession in Vacation.*—Under our statute permitting the entry of judgments by confession in vacation, the warrant of attorney upon which such a judgment is so entered, by being filed, becomes a part of the record.

18. APPEARANCE—*Effect of Entering.*—Where a paper appearance was filed in a case during a term of the court, there having been no personal service, such appearance, if by way of a plea, or if it, or a motion for a more specific bill of particulars, has been made a matter of record, will take the place of personal service as of its date. A personal judgment thereon can not be entered at the same term.

Baldwin v. McClelland.

19.  APPEARANCES—*Effect of Entry Under the Statute.*—Section 4, Ch. 11, R. S., entitled "Attachments," provides that when the defendant appears to the action the judgment shall have the same force and effect as in suits commenced by summons. Where the defendant is served with summons upon the day such appearance is filed, judgment can not be entered against him before the next term. An appearance in an attachment case, where summons has not been served, does not operate to delay judgment against the property levied upon, nor does it render the defendant liable *instanter* to a personal judgment.

**Memorandum.**—Two cases. Error and appeal consolidated. Appeal from an order of the Circuit Court of Cook County, denying the motion to set aside a default and vacate a judgment; the Hon. GEORGE DRIGGS, Judge, presiding. Heard in this court at the October term, 1893, Mr. Justice WATERMAN, dissenting. Opinion filed December 21, 1893.

## STATEMENT OF THE CASE.

This was an attachment brought July 14, 1891, in the Circuit Court of Cook County, by the plaintiff below, McClelland, of Kentucky, against the defendant below, Baldwin. The attachment affidavit claims $3,423.06 for work and labor and money expended. The usual attachment bond was filed, and writ issued on the same day, Baldwin being a resident of California. The writ was served on the Washington Park Club, as garnishee. The notice by publication commanded Baldwin to appear on the third Monday of August. The declaration was not filed until August 20th.

The next step taken in the case was on October 17, 1891, it being Saturday, the last day of the September term of court. On that day, without notice to the defendant or his attorneys, or rule to plead, the plaintiff took judgment by default for $3,423.06.

On Monday following, upon learning that a default and judgment had been taken on Saturday, the defendant's attorneys filed a motion to vacate the judgment, supported by sundry affidavits, showing diligence, and that he was not indebted to the plaintiff in any sum whatsoever; also an affidavit of sundry members of the bar that under such circumstances it was contrary to the practice in the courts of record in Cook county to take such default or judgment without notice and a rule to plead.

The motion being overruled, the defendant appealed and brought the original case to this court upon a writ of error.

APPELLANT'S BRIEF, CRATTY BROS. & JARVIS, ATTORNEYS.

The statute provides for judgment by default for want of an appearance. Revised Statutes, Ch. 110, Sec. 39.

If a defendant has appeared in the action and is afterward defaulted, he should have notice of the assessment of damages. The default admits the plaintiff has a claim and precludes the defendant from introducing testimony but it does not admit the amount of damages. Morton v. Bailey, 1 Scam. 213; Cook v. Skelton, 20 Ill. 107; Cairo v. Holbrook, 72 Ill. 419; Tracy v. N. Y. Steam Faucet Co., 1 E. D. Smith (N. Y.) 349; Kaskaskia Mfg. Co. v. Thomas, 17 Ill. App. 235; Acme Copying Co. v. McClure, 41 Ill. App. 397.

The trial court can, at any subsequent term, cause the record of any former term to be corrected so as to make it speak the truth in a matter of fact where the erroneous entry was made falsely, through mistake or otherwise, and may hear evidence to prove what correction ought to be made. Church v. English, 81 Ill. 441; Ives v. Hulse, 17 Ill. App. 30; Lyon v. Boilvin, 2 Gilm. 629; Howell v. Morlan, 78 Ill. 162; Morrison v. Stewart, 21 Ill. App. 113.

At common law, by writ of error *coram nobis*, the same court in which judgment was rendered might, at any time thereafter, vacate, recall or set it aside if it had been procured irregularly, contrary to the practice of the court, by fraud or misconduct of party, attorney or officer of the court, or through mistake or inadvertence, or for any error of fact, if it should be made to appear to the court that such default or judgment ought not to have entered and would not have been entered if the court had at the time been made fully aware of the situation. Rev. Stat. Ill. Chap. 110, Sec. 67; 2 Tidd's Pr., 1137–1142; 2 Cooley's Blackstone, 406, note 4; 1 Arch. Pr., 234; Barton's Law Pr., 172; Powell on Appellate Proceedings, Secs. 10 to 19; 12 Am. and Eng. Enc. of Law, 126; 3 Stephen's Com. 642; Stephen's Pl. Heard's Ed.), 118; Black on Judgments, Secs. 300, 307, 314,

Baldwin v. McClelland.

326; Freeman on Judgments, Secs. 96, 97, 99, 101; Pickett's Heirs v. Ledgerwood, 7 Pet. 147; Bronson v. Schulten, 104 U. S. 410; Huntington v. Finch, 3 Ohio St. 445; Allen v. McClellan, 12 Pa. St. 328; State v. Calhoun, 32 Pac. Rep. 38; Craig v. Wroth, 47 Md. 281; Edson v. Edson, 108 Mass. 590; Nealis v. Dicks, 72 Ind. 374; Ex parte Toney, 11 Mo. 661; Earle v. Earle, 91 Ind. 27; Sanders v. State, 85 Ind. 318; Walker v. Freelove, 79 Ia. 752; Baragwanath v. Wilson, 4 Brad. 80; Tucker v. James, 68 Tenn. 333; Schoonmaker v. Albertson, 51 Conn. 387; Doan v. Glenn, 1 Colo. 154; Bender v. Askew, 3 Devereux, 149; Wolfe v. Davis, 74 N. C. 497; Marr's Adm'rs v. Millers' Sons, 1 Hen. & Munf. 204; Adter v. State, 11 C. L. J., 484; Heckling v. Allen, 15 Fed. Rep. 196; Lyon v. Boilvin, 2 Gil. 629, 345; Peak v. Shasted, 21 Ill. 137; Cook v. Ward, 24 Ill. 295; Mains v. Cosner, 67 Ill. 537; Church v. English, 81 Ill. 442; Life Assn. of Am. v. Fassett, 102 Ill. 315; Claflin v. Dunne, 129 Ill. 241–247; Morrison v. Stewart, 21 Ill. App. 113; Ives v. Hulce, 17 Ill. App. 30; Jansen v. Grimshaw, 125 Ill. 468; Howell v. Morlan, 78 Ill. 162.

APPELLEE'S BRIEF, CHARLES H. ALDRICH AND ALDRICH, PAYNE & DEFREES, ATTORNEYS.

The motion to vacate the judgment was properly overruled; having been entered after the term, the court had no power to allow it.

The leading case on this subject is Cook v. Wood, 24 Ill. 295, which held that the court has no discretion or authority at a subsequent term, to set aside a judgment. This decision has been followed by a long line of cases, in which there has been no deviation from the rule thus established. Smith v. Wilson, 26 Ill. 186; Cox v. Bracket, 41 Ill. 222; Savings Inst'n v. Nelson, 49 Ill. 171; Wendell v. Hamilton, 52 Ill. 182; Lill v. Stookey, 72 Ill. 495; Humphreyville v. Culver, 73 Ill. 485; Coursen v. Hixon, 78 Ill. 339; Becker v. Sauter, 89 Ill. 597; Goucher v. Patterson, 94 Ill. 524; Blake v. Miller, 118 Ill. 500; Hunt v. Baldwin, 27 Ill. App. 446; Dunklemann v. Brunnell, 44 Ill. App. 438; Phillips v. Negley, 117 U. S. 665.

Such motion can not be entertained under the guise of a writ of error *coram nobis*. McKindley v. Buck, 43 Ill. 488; Mains v. Cosner, 67 Ill. 536; Fox v. Quinn, 75 Ill. 232; Courson v. Hixon, 78 Ill. 341.

The record can not be attacked or impeached by affidavit or parol testimony. Humphreyville v. Culver, 73 Ill. 485; Goucher v. Patterson, 94 Ill. 525.

We concede that the court has the power, after the term, to amend its records so as to correct clerical errors and mistakes of its officers. But such amendment must be made from the judge's minutes, and not from extrinsic evidence. Cairo, etc., R. R. Co. v. Holbrook, 72 Ill. 423; Gillett v. Booth, 95 Ill. 183; Church v. English, 81 Ill. 442; Fielden v. People, 128 Ill. 595; Frew v. Danforth, 126 Ill. 242; Dougherty v. People, 118 Ill. 160.

OPINION OF THE COURT, SHEPARD, J.

These two causes, one a writ of error, and the other an appeal, between the same parties, have been submitted on the abstract and briefs filed in the proceeding in error.

The writ of error is from a judgment of the Circuit Court rendered at the September term, 1891, thereof, and the appeal is from certain orders of the same court entered at the June term, 1893, thereof, in the same cause.

The assigned errors are the taking of default, assessing damages and rendering judgment against the defendant below, who is the plaintiff in error, and appellant in the respective causes here pending, at the September term, 1891, without notice or rule to plead; and the refusal to correct the record, and vacate the default and judgment of said term.

The suit was begun by attachment, and the writ served on the Washington Park Club as garnishee.

The notice by publication to the defendant was to the August term, 1891. The declaration was not filed until August 20, 1891, which was too late for the August term of the court.

If we may look at the transcript for that purpose, we

will find that there was filed in said cause, on September 23, 1891, a paper in words as follows, omitting the title of the cause and signature of attorneys:

" We hereby enter the appearance of the above defendant, and our appearance as attorneys for defendant."

With the same limitation, we will find in the transcript a notice filed on the same day, that on that day the defendant's attorneys will move the court for a rule on the plaintiff to file a more specific bill of particulars, and a bond for costs in the cause, together with an acceptance of such notice by the attorneys for the plaintiff; and we will also find an order entered on that day on the motion of defendant by his attorneys ruling the plaintiff to file a more specific bill of particulars within ten days, and on motion of plaintiff's attorneys leave to file a bond for costs *instanter;* and it will be further seen that a bond for costs was filed by plaintiff on said September 23d, and that on September 25th there was filed by plaintiff what is called a supplemental bill of particulars.

Proceeding to examine the transcript under the same limitation as to our right to look at it for such purposes, we will fail to find therein that any notice was given by the plaintiff to the defendant that said rule with reference to filing a more specific bill of particulars had been complied with, or that any order of court was ever entered finding that said rule had been complied with and discharging said rule; or any notice by plaintiff to defendant that a default for want of a plea, or any other cause, would be asked for, or that an assessment of damages would be asked and judgment applied for.

It does appear, however, and we may without question look at such proceedings as a part of the record proper, that on October 17, 1891, the default of defendant was entered for want of a plea; that the court proceeded to assess the plaintiff's damages and entered judgment in his favor and against the defendant, *in personam,* for the sum of thirty-four hundred and twenty-three dollars and six cents.

The day on which these last proceedings were had and judgment entered, was Saturday, the last day of the September term, 1891, of the court.

At the next term the defendant moved to set aside the default and judgment, and at the November term, 1891, moved to correct the record of the judgment. At the June term, 1893, both motions were overruled.

Neither the defendant nor his attorneys were present, or knew of the judgment, until after the term had passed. Hence the defendant did not and could not preserve any exceptions to such proceedings, and no bill of exceptions could be made up at a subsequent term. Morton v. Bailey, 1 Scam. 213; Railroad v. Ward, 16 Ill. p. 531–2.

There is a marked barrenness of authoritative statement, in this State, as to what a common law record that preserves itself, without the aid of a bill of exceptions, consists of. None has been pointed out to us by counsel and we have found nothing in the utterances of our Supreme Court that seems to settle the question. What appears by "the record" "on the face of the record," "from an entry on the record," and "as shown by the record," has not been infrequently mentioned by both the Supreme Court and the Appellate Courts.

But as to what the technical record consists of is nowhere stated with so near an approach to accuracy as by Mr. Justice McAllister in Van Cott v. Sprague, 5 Ill. App. 99.

For errors appearing in the record a bill of exceptions is not necessary. Gallimore v. Dazey, 12 Ill. 142; Van Dusen v. Pomeroy, 24 Ill. 289.

For what is not a part of a record proper, and must therefore be preserved by bill of exceptions in order to become so, the large number of cases collected in the brief of defendants in error in Blair v. Ray, 103 Ill. 615, afford a great variety of illustration. See also, Practice Act, Chap. 110 Rev. Stat., Secs. 60, 61 and 62.

In the statement of Mr. Justice McAllister in Van Cott v. Sprague, *supra*, one very important omission, that of the verdict, was made, and the statement should also be broadened to include all pleadings, by whatsoever name known. Where jurisdiction over the person, or the thing, is acquired by other than personal service of process issuing

out of the court, as, by appearance, or by publication under the statute, whatever confers the jurisdiction should also, by analogy, be considered a part of the record proper, and not necessary to be preserved by bill of exceptions.

If it be that in the case of a notice by publication to a defendant in an attachment suit, the filing in the cause of a mere paper writing reciting the entry of the defendant's appearance by attorneys, but with no order of appearance entered thereon, and followed by no plea, constitutes a part of the record proper in the cause, as the return of the sheriff on process would, then we have in the record in this cause, all that was needed to confer jurisdiction upon the court to enter a judgment *in personam*, as was done, against the defendant.

No question is raised as to the sufficiency of the appearance filed to confer jurisdiction upon the court over the person of the defendant, but one of the principal contentions is that the appearance of the defendant having been filed, he could not be placed in default for want of a plea, without a rule to plead having been first entered against him. And it is also contended that inasmuch as a rule had been entered against the plaintiff to file a more specific bill of particulars, the defendant could not be required to plead until after notice to him of compliance with such rule, nor until after a discharge thereof.

Undoubtedly the old rule at common law required notice to the defendant to plead before judgment could be entered against him for want of a plea. 3 Chitty's Practice, 497–8; Tidd's Practice, 473; Graham's Practice, 219 and 785.

And it may be said to be a matter of serious doubt, notwithstanding a not unusual practice prevailing to the contrary, whether default for want of a plea may regularly be entered after appearance, without notice and a rule to plead.

For want of appearance the court may give judgment by default, and time to plead, after appearance, may be allowed by the court within reasonable and necessary limits. Rev. Stat. Ill., Chap. 110, Secs. 28 and 29.

But we are not aware of any statutory change of the common law rule requiring notice and a rule to plead, after appearance, before default may be taken for want of a plea.

We are, however, not at liberty to examine anything but the bill of exceptions to observe either the fact or absence of such notices, motions, rules and orders, and in the absence of a bill of exceptions showing the proceedings, other than what appears on the record proper, we are bound to presume the default and judgment regular.

In Faas v. O'Connor, 6 Ill. App. 593, Mr. Justice Bailey said:

"In Hermann v. Pardridge, 79 Ill. 471, and Kern v. Strasberger, 71 Ill. 303, in both of which cases the objections to the judgment arose directly on appeal, it was held that where it appears that the court had jurisdiction both of the person of the defendant and of the subject-matter of the litigation, and rendered judgment, and there is no bill of exceptions, the judgment will be presumed to be in all respects regular."

It was also held in Iglehart v. Pitcher, 17 Ill. 307, that the presumption in favor of judgments would extend to and include due notices and rules to support the default, as well as that sufficient evidence was produced and heard to sustain the finding and judgment; and that proof of a rule to plead, and the service of a copy of the declaration, then required, need not appear. That was a case where error was assigned that the court had not jurisdiction to render judgment, because it did not appear by the record that the defendant had been served with a copy of the declaration and rule to plead, as required by the rules of practice then prevailing. And it was held that the service of such copies was not a part of the record, and their absence from the record could not be taken as evidence that they were not served, and would raise no presumption against the correctness and validity of the judgment.

In Rich v. Hathaway, 18 Ill. 548, it is said: "Every intendment will be indulged in favor of the legality

of the proceedings when they depend upon the exist-
ence of matters of fact, unless their existence is denied
by the record or bill of exceptions.  The service and notice
of an intended motion or step  *  *  *  is not a matter of
record.  They must be so made by bill of exception.
Their absence from the record is no evidence that notice
was not given."

According to the statement of that case made by the re-
porter, a demurrer to the declaration had been filed.

The cause was called up for hearing without notice to the
defendant, or his attorneys, and the demurrer was sus-
tained.  Thereupon the plaintiff took leave to amend his
declaration, which was done, and a rule entered that the
defendant should plead by the next morning, and two days
later judgment of default was entered against the defend-
ant for want of a plea.

At the next term the defendant moved to set aside the
default, and filed affidavits setting up want of notice of the
proceedings upon the demurrer and subsequent thereto, and
of the rule to plead; also of a good defense; and the court
overruled the motion to set aside the default, which action
was sustained by the Supreme Court.

Again, in Hermann v. Pardridge, *supra*, in speaking of the
two grounds of reversal urged on the appeal, the court said:

" Both depend upon matters which the entries alone, to
be made by the clerk, can not disclose.  They can only be
made to appear of record by a proper bill of exceptions.
*  *  *  There being jurisdiction both of the person of the
defendant and of the subject-matter of the litigation, we
must presume that the judgment is, in all respects, regular,
and that the only objections urged have no foundation in the
facts."  If a contrary rule concerning presumptions in favor
of judgments by default prevails in other tribunals (Black
on Judgments, Sec. 93), we feel bound to follow what seems
to be the established rule in this State.

Both judgments will therefore have to be affirmed.

Gary, J.

I concur under protest.  The rule ought to be that what-

ever is necessary to the regularity of the proceedings, should appear on the record proper.

But I read the decisions of this State as going to that length on presumptions that this court is concluded. Matson v. Davis, 35 Ill. App. 78; Acme Copying Co. v. McLure, 41 Ill. App. 397.

DISSENTING OPINION BY WATERMAN, J.

In the action, commenced by attachment, no service of process was ever had, and the personal judgment rendered, rests for its validity upon an appearance and a motion made by the defendant through his attorney.

It appears by copies of papers which the clerk certifies were filed in "said court" that on the 23d day of September, 1891, there was filed the following paper:

" STATE OF ILLINOIS, } ss.
    County of Cook,  }

In the Circuit Court, September Term, 1891.

JOHN W. MCCLELLAND }
        vs.            }
ELIAS Y. BALDWIN.   }    We hereby enter the appearance
                         of the above named defendant and
our appearance as attorneys for defendant.
                         CRATTY BROTHERS,
                         Attorneys for Defendant.
    Sept. 23, 1891."

Thereafter, upon notice to plaintiff's attorneys a rule was obtained by the defendant requiring the plaintiff to file a more specific bill of particulars within ten days.

Two days thereafter the plaintiff filed another bill of particulars, whether a " more specific " one, as the rule required, is a matter upon which, neither any finding of the court below nor any discharge of the rule is shown by the record.

The record of the entry of judgment in this cause is as follows :

"And afterward, to wit, on the 17th and 19th day of October, A. D. 1891, the following among other proceedings were had and entered in said court, to wit:

John W. McClelland
93093      vs.      } Attachment.
Elias J. Baldwin.

This day comes the plaintiff to this suit by his attorney, and it appearing to the court that the defendant failed to plead herein, on motion of plaintiff's attorney it is ordered that the default of said defendant be taken and the same is hereby entered herein of record for want of a plea filed in said cause.   *   *   *

Therefore it is considered by the court that the plaintiff do have and recover from the defendant his said damages of three thousand four hundred and twenty-three dollars and six cents in form as aforesaid by the court assessed, together with his costs and charges in this behalf expended, and have execution therefor; and it further appearing that personal service of process issued in said cause was had on Washington Park Club as garnishee herein, and it being called, comes not   *   *   *   but makes default, which is, on motion of plaintiff's attorney, ordered to be taken, and the same is hereby entered herein of record, wherefore a conditional judgment ought to be rendered against said garnishee.

Therefore it is considered by the court that the defendant, for the use of the plaintiff, do have and recover, of and from the said garnishee, the sum of $3,423.06   *   *   *   together with his costs and charges   *   *   *   unless the said garnishee, after being duly served with *scire facias* to be issued, shall show cause, if any it has, why the above conditional judgment shall not be made final and execution issue accordingly."

Following this, in the transcript certified to this court, is the following:

Order October 19, 1891.

"John W. McClelland
93093       vs.       } Attachment.
Elias J. Baldwin.

On motion of plaintiff's attorney, it is ordered that a *scire facias* do issue herein against the garnishee, Washington Park Club."

Following this is, "And afterward, to wit, on the 19th day of October, A. D. 1881, there issued out of said court * * * the People's writ of *scire facias*," etc.

This judgment, a single act, appears to have been rendered on two days, viz.: the "17th and 19th day" of October. The 17th day of October, 1891, fell on Saturday, the last day of the September term of the Circuit Court. The 19th day of October, 1891, fell on Monday, the first day of the October term of said court.

We have thus, according to the record, a judgment rendered, one single definite sentence of the law imposed, upon two days, and at two different terms of court. There is no warrant for such practice. A judgment is the sentence of the law declared by the court; it is an act done, and presumably, entered *instanti*.

Ordinarily, the law does not take note of fractions of a day; judgments are therefore recorded as entered upon a certain day; and there is neither authority for, nor propriety in rendering one and the same judgment in the same cause, upon two distinct days. At the common law all judgments related to, and were considered as entered upon the first day of the term, and the lien thereof dated from said first day; by the statute of this State, Sec. 1, Chap. 77, a judgment is a lien on real estate from the time when it is rendered; there being no priority, as to lien, among judgments rendered at the same term.

Whether the lien of this judgment dates from October 17th or October 19th, it is impossible to tell; so, also, whether the lien of this judgment is prior to that of those judgments rendered at the October term of the court or shares equally with them; in brief, is it a judgment of the September or of the October term of the court, is one of the questions presented by this anomalous record.

The rights, not only of the parties thereto, but of others, may depend upon the answer to this question.

If this is a judgment of the October term, then the motion to set it aside, being made during the term at which it was entered, was in time and should have been granted;

and the bill of exceptions having been signed during the term at which such motion was disallowed, is a record which can be considered, and shows what the true condition of the cause was when the judgment was had.

If this is to be considered a judgment, then it is of the October term. It purports to be a final judgment, putting an end to the litigation in that cause between the parties thereto. After a final judgment there is nothing for the court to do except to aid as it may in the carrying into effect of its final order.

A final judgment is the final act by which the rights of the parties are fixed.

For the court to go on adjudicating upon and determining the rights of parties is, in effect, to say that the litigation is not at an end—the final judgment not yet pronounced; hence, when the court, speaking by its record, declares that, on the "17th and 19th day of October," "it was considered by the court," etc., it is to say that its final judgment was not rendered until the day last named.

The recital commencing "Order, October 19, 1891, John W. McClelland v. Elias J. Baldwin," is merely the clerk's lazy way of showing that the order which follows was entered on the nineteenth day of October; it does not purport to show that the judgment before and separately set forth was not entered on the seventeenth day of October; there is not in the record any order of adjournment of the September term, or of convening at the October term; the record and minute go on as if all the transactions above mentioned were at one and the same term.

The question presented by the filing of an appearance paper and the minutes of the clerk showing the making of a motion by the defendant, is not whether such appearance and motion is not a sufficient appearance to warrant the entry of a personal judgment, but whether the record shows such appearance and motion; the personal judgment against defendant depends upon there being in the record a showing that the defendant appeared in the cause.

If the record does show an appearance by the defendant

then unquestionably such appearance was sufficient to warrant, at a proper time and under proper proceedings, a personal judgment against him.

In the present case a party has been condemned without hearing, and if the affidavits presented in his behalf are true, most unjustly condemned.

We are therefore compelled to consider whether the record shows that he had such an opportunity to be heard that the failure to have a hearing was his fault; that is, were the proceedings such that it must be said that all the forms prescribed for obtaining judgment were had. So tenacious was the common law that no one should be condemned unheard, that under its provisions it was not only necessary that process summoning the party to appear should be served, but a plaintiff could not declare or proceed in an action until the defendant had *actually appeared* in court to answer. If the defendant refused to appear, the only course of the plaintiff in actions wherein arrest was not permissible, was to issue continued process, or to distrain upon the defendant's goods, by which it was expected he would be induced to appear, or to outlaw him, by which he incurred a qualified forfeiture of his goods and lands, and his civil rights as subject were suspended. Chitty's Pr., Vol. 3, 141; Cooley's Bl'kstone, book 3, 280; 1 Roll., 580-1; 15 Coymn's Dig., title Pleader, B. 1.

The actual appearance of the defendant being necessary in order to enable the plaintiff to proceed, it was essential that the record should show such appearance. Tidd's Pr., 513, 567.

At common law the appearance was entered with the proper filacer, an officer whose duty it was to file the writs on which he made proofs, and such appearance was triable by the record. Tidd's Pr., 238; Corbet v. Cook, Cro. Eliz. 468; Comyn's Dig., title Pleader, B. 1.

Not only at common law ought the appearance to have been entered of record, but the entry on the filacer's book as well as the mere statement of it on the recognizance roll; the imparlance plea or issue roll was not an entry of record. Tidd's Pr., 238; Keilway's Rep., 180; Comyn's Dig., *supra*.

Baldwin v. McClelland.

A record is a memorial of a proceeding or act of a court of record, entered on a roll or proper place for the preservation thereof. Coke on Litt., 117–2; Comyn's Dig., title Record, 208; Croswell v. Byrens, 9 Johnson's Rep. 287.

At common law the *nisi prius* record was the official statement of the writ and pleadings, for the use of the judge at *nisi prius;* on this was subsequently entered the *postea* and judgment. Chitty's Gen. Pr., Vol, 3, 804; Stephen on Pleading, 79–81.

In Croswell v. Byrens, *supra*, it was held that a rule of court setting aside a judgment, was not a part of the record and could not be received as evidence against the record, and that to give an entry on the minutes the authority of a record would destroy the certainty, order and solemnity of enrollments; and the court said: " It has frequently been held that the courts can not regard any proceeding as a matter of record until it has been enrolled." See Hahn v. Kelley, 34 Cal. 391, 422, 424; McKnight v. Dunlop, 4 Barb. 36, 39, 40.

A minute of the clerk is not a record. Martin v. Foulke, 114 Ill. 206; Foreman v. Johnson, 37 Ill. App. 452; Leverige v. Dayton, 4 Wash. C. C. 698.

At the common law, nothing but what was enrolled was part of the record. A warrant of attorney and *essoin* are not part of the record. Case XLVIII, Jenkin's Rep., 25; Magher v. Howe, 12 Ill. 378; Waterman v. Caton, 55 Ill. 94; Schmidt v. Bauer, 33 Ill. App. 93.

In this State the process, pleadings, etc., not being required to be copied upon a parchment roll or in a book, become a part of the record by being filed. Vail v. Iglehart, 69 Ill. 332.

But, save when otherwise provided by statute, it is in this State only, that such papers and entries as were at common law enrolled as a part of the record, by mere filing or entry, become a part of the record.

Under our statute permitting the entry of judgments by confession in vacation, the warrant of attorney upon which a judgment is so entered by being filed becomes a part of the record. Schmidt v. Bauer, *supra*.

Had appellant filed a plea, such pleading would have been a part of the record, and the record would have recited that he came, etc.; the record in the present case contains no recital of calling, finding of service upon appearance, or pleading by the defendant; it is barren of anything showing personal jurisdiction over him, and a personal judgment against him is therefore unwarranted.

Because at common law, judgment could not be entered against the defendant until he had actually appeared, the statute of this State authorizes the entry of judgment, after service of summons, for want of appearance (Sec. 39, Chap. 110); but there are no provisions making the mere filing of an appearance paper, or the minute of a motion, a part of the record; and while it is the case that after judgment, the entry and service of rules to plead, or of the three warnings that at common law the plaintiff was obliged to give the defendant before he could sign judgment for want of a plea, (Chitty's Gen. Pr., Vol. 3, 497,) the existence and expiration of a general rule to plead will be presumed, there certainly is nothing of record save what is found therein.

The paper appearance in this case was filed at the September term, and appellee claims that judgment was entered at the same term. There having been no personal service, such appearance, if by way of a plea, or if it, or the motion for a more specific bill of particulars, had been made a matter of record, would have taken the place of personal service as of its date, and a personal judgment thereon could not have been entered at the same term. Hoes v. Van Alstyne, 16 Ill. 384; Flagg v. Walker, 109 Ill. 494; Leopold v. Steel, 41 Ill. App. 17.

Section 24 of chapter 11, entitled "Attachments" provides that when the defendant appears to the action, the judgment shall have the same force and effect as in suits commenced by summons.

Had the defendant been served with summons upon the day the appearance was filed, judgment could not have been entered against him before the October term. An appear-

ance in an attachment case, where summons has not been served, does not operate to delay judgment against the property levied upon, nor does it render the defendant liable *instanter* to a personal judgment.

I understand that this court is unitedly of the opinion that the judgment in this cause ought to be set aside if in accordance with the law it can be.

I am satisfied that the law requires that it be removed and the defendant given an opportunity to present his· defense.