## National Parlor Furniture Co. v. Harry C. Strauss, Impleaded under the name of E. W. Strauss.

1. ABATEMENT—*Great Precision and Certainty in Pleas in, Required.* —The greatest precision and certainty possible is required in the structure and form of a plea in abatement; if it is uncertain in any particular it will be bad, and it must tender an issue that is material to the case.

2. SAME—*A Plea in, Held Insufficient.*—A defendant filed a properly entitled plea in abatement as follows :

"And Henry C. Strauss, who is impleaded by the name of E. W. Strauss, in his proper person, comes and defends, etc., when, etc., and saith that he now is, and always was called and known by the name of Henry C. Strauss, and not E. W. Strauss. as by said writ and declaration is above supposed, and this he is ready to verifiy; wherefore he prays judgment of said writ and that the said writ may be quashed, etc.

HENRY C. STRAUSS."

*Held,* that while the commencement of the plea was good in form, the substance or body of the plea was deficient in not tendering an issue upon the truth of the sheriff's return.

3. SERVICE OF PROCESS—*Sheriff's Return is Part of the Record.*—The sheriff's return of a summons is a part of the record, and the question of its truth or falsity presents a material fact for determination.

4. SAME—*Sheriff's Return is Prima Facie Evidence of the Facts Stated—How Contested.*—A return by a sheriff, although not conclusive, is *prima facie* evidence of the facts stated, and if the truth of the return is sought to be impeached by showing that the writ was in fact served upon a person other than the one named, that question should be put in issue by a proper, certain and triable allegation.

5. RECORDS—*Errors in—Effect of.*—While a record imports verity, this court is not required because of it to believe impossibilities, and where a suit was not pending until nearly five months after the first order purports to have been made, this court will take notice that it was

National Parlor Furniture Co. v. Strauss.

impossible for an order to have been made at the purported time, but will have no right to guess that it was made at some other or different time.

**Assumpsit**, on the common counts.    Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1897.    Reversed and remanded.    Opinion filed April 8, 1898.

Bulkley, Gray & More, attorneys for appellant.

Moses, Rosenthal & Kennedy, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellant corporation brought assumpsit to the August term, 1895, of the Superior Court of Cook County, describing the defendants, in the præcipe, as "Isydore Strauss and E. W. Strauss, doing business as Isydore Strauss & Son," and naming them in the summons and declaration in the same way, except by omitting the words "doing business."

The summons was returned by the sheriff "served this writ on the within named defendants, E. W. Strauss, by reading,  *   *   *   the other defendant not found," etc.

At the return term, one Harry C. Strauss filed a plea in abatement, entitled in the suit, etc., as follows:

"And Harry C. Strauss, who is impleaded by the name of E. W. Strauss, in his proper person comes and defends, etc., when, etc., and saith that he now is, and always was called and known by the name of Harry C. Strauss, and not E. W. Strauss, as by said writ and declaration is above supposed, and this he is ready to verify; wherefore he prays judgment of said writ and that the said writ may be quashed, etc.

Harry C. Strauss."

And the plea was properly sworn to.

At the same or some subsequent term (although both the abstract and transcript shows it to have been done at a term five months before the suit was begun), an order was entered overruling and denying "the motion of the plaintiff

to strike the plea of the defendant, Harry C. Strauss, from the files," but if any such motion was filed or entered of record, it is nowhere shown except as in the above order.

No issue having been formed upon the plea, and no demurrer filed to it, and E. W. Strauss never having entered his appearance or pleaded by that name, it is shown by the record that the cause was reached upon the trial calendar of the court at the July term, 1897, and the plaintiff and the said Harry C. Strauss being then present, by their respective counsel, the plaintiff entered its motion to strike the said plea from the files, and for judgment against the defendant, E. W. Strauss, for want of plea, but the court overruled the same.

Thereupon the said Harry C. Strauss moved for judgment upon his said plea, and that the writ of summons be quashed; and judgment was so accordingly given. An appeal being taken by the plaintiff, the question here arises upon the regularity of such proceedings.

Great accuracy and precision in the structure and form of a plea in abatement are required, and it must be certain to every intent. Humphrey v. Phillips, 57 Ill. 132; Pitts Sons' Mfg. Co. v. Commercial Nat. Bank, 121 Ill. 582; Parsons v. Case, 45 Ill. 296.

It must be "to a certain intent in every particular." Gould's Pl., Secs. 57 and 58, Ch. 3.

If the plea is uncertain in any particular, it will be bad. Diblee v. Davison, 25 Ill. 486.

"The greatest precision and certainty possible is required." 2 Saunders, 209a, note 1.

And it must tender an issue that is material to the case. Chicago S. E. U. Co. v. Congdon B. S. Mfg. Co., 111 Ill. 309.

Here E. W. Strauss, and not Harry C. Strauss, is named in the writ and in the declaration as defendant, and in the sheriff's return is named as the defendant upon whom the writ was served.

If Harry C. Strauss be the person upon whom the writ was served, by the name of E. W. Strauss, his plea does not so state. The sheriff's return states that the writ was

served upon E. W. Strauss on July 16, 1895, and the plea of Harry C. Strauss was sworn to and filed on the seventh day of August next thereafter, but did not present an issue upon the return.

The forms for the commencement of a plea of misnomer of the defendant are almost as varied as the textwriters are numerous. Gould's Pl. (5th Ed. by Heard), Ch. 5, Sec. 75; Puterbaugh Pl. & Pr. (7th Ed.), 43; Story's Pl. (2d Ed. by Oliver), 104, form 8; 3 Chitty's Pl. 902; 1 Shinn's Pl. & Pr. 819, form 308.

The commencement or introductory part of the plea in question is precisely that given by Story, *supra*. While, therefore, the commencement of the plea in question was good in form, the substance or body of the plea was deficient in not tendering an issue upon the truth of the sheriff's return that E. W. Strauss was the person served. The sheriff's return was a part of the record (Van Cott v. Sprague, 5 Ill. App. 99, Baldwin v. McClelland, 50 Ill. App. 645) at the time the plea was interposed, and its truth or falsity presented a material fact for determination. It was an immaterial issue whether Harry C. Strauss was then, and from the time of his nativity had always been, called and known by the name of Harry C. Strauss and not E. W. Strauss, without proceeding further and negativing that E W. Strauss was the person served, and affirming that Harry C. Strauss was such person. Grand Lodge B. of L. F. v. Cramer, 60 Ill. App. 212.

The plea in that regard was not full and certain.

*Non constat*, E. W. Strauss was the person sued and served, and not Harry C. Strauss, and such is the claim of the appellant. The return by the sheriff, although not conclusive that E. W. Strauss was the person served, was *prima facie* evidence of such fact (Union Nat. Bank v. First Nat. Bank, 90 Ill. 56), and if the truth of the return were sought to be impeached by showing that the writ was in fact served upon Harry C. Strauss, the plea, in strictness, should have put that question in issue by a proper, certain and triable allegation.

But appellee contends that because the record shows a

motion by appellant on February 27, 1895, to strike the plea of the defendant Harry C. Strauss from the files, an admission by appellant arose that Harry C. Strauss was the real defendant, or at least that the question whether he was so or not was waived, and, furthermore, that no exception being taken to the ruling of the court upon that motion, it would be trifling with the court to allow a precisely similar motion to be subsequently made and upon its being overruled to preserve an exception. If what we have already said does not dispose of the contention, we think an additional answer to it is found in the fact that the record does not disclose that the first motion was made at a term prior to that at which the judgment appealed from was had.

While the record imports verity, we are not required because of it to believe impossibilities. The suit was not pending until nearly five months after that first order purports to have been made, and it was impossible for an order of any kind to have been made in the cause at the purported time. We know, as we may, the succession of the months, that the order could not have been made in February, 1895, and we have no right to guess it was made either in February, 1896, or in February, 1897, both of which months intervened between the date of the commencement of the suit and the final judgment in July, 1897, nor that it was made any other month in 1895 after the suit was begun.

The bill of exceptions shows but the one motion, and order upon it, at the July term, 1897, and it is nothing but mere conjecture as to when another motion was made, if at all.

We can not consider the question further. Because the plea was bad it follows that it was error to give judgment upon it and quash the writ. As the record stood, the motion of appellant to strike the plea of Harry C. Strauss from the files, and for default and judgment against the defendant, E. W. Strauss, for want of plea, should have been allowed.

The judgment will be reversed and the cause remanded for such further proceedings, in accordance with law, as to the Superior Court shall seem proper, not contrary to the opinion here expressed.

Reversed and remanded.